## JAMES M. SHACKLEFORD
### *v.*
## SAMUEL P. BAILEY.

1. DEED — *void for uncertainty in description of the premises.* A deed for a given number of acres out of a certain tract of land, without specifying the part of the tract out of which it is to be taken, is void for uncertainty, as the land cannot be located.

2. ALLEGATIONS AND PROOFS — *misdescription of land.* In ejectment the declaration set forth the description of a tract of land lying in range five *west* of a certain meridian. A deed offered in evidence by the defendant purported to convey a portion of a tract bearing the same description in all respects, except that it was in range five *east* of the same meridian. The deed was inadmissible because the land it conveyed could not have been the land in controversy.

3. COLOR OF TITLE — *out of what character of conveyance it must arise.* Color of title and payment of taxes must concur, to be availing under the statute of limitations; and the color must arise out of some conveyance purporting to convey title to a particular tract of land.

4. SAME — *is not a question for a jury.* What is color of title made in good faith is not for a jury to determine.

5. NEW TRIAL, *under the statute, in ejectment.* In an action of ejectment tried in April, 1858, the jury returned a verdict in this form: "We, the jury, find for the defendant," and following the verdict was an entry adjudging the costs against the plaintiff and awarding execution therefor. In February, 1860, the plaintiff asked the court to enter final judgment on the verdict, first putting it in proper form. The court refused to enter any further judgment, but ordered the clerk to amend the record and put the verdict in proper form. The plaintiff thereupon, having paid all the costs, asked for a new trial under the statute, which was refused. *Held,* that the new trial should have been allowed.

6. PRACTICE IN THE SUPREME COURT — *abstracts.* Where this court is called upon to decide upon the merits of a case as involved in facts, and instructions given in the court below, it is the duty of the plaintiff in error to present the bill of exceptions and the instructions of which he complains, in his abstract. No case will, hereafter, be considered upon abstracts which do not comply with the rule on this subject.

WRIT OF ERROR to the Circuit Court of Tazewell county; the Hon. JAMES HARRIOTT, Judge, presiding.

This was an action of ejectment instituted in the court below by James M. Shackleford against Samuel P. Bailey, for the recovery of the southeast quarter of the southeast quarter of section two, in township four, north of range five west of the third principal meridian, situate in the county of Tazewell.

The issue was formed, and the cause came on for trial at the April Term, 1858.

The plaintiff introduced in evidence a patent from the United States to himself, bearing date the 1st November, 1839, whereby there was granted to the plaintiff certain premises, by the following description: "The southeast quarter of the southeast quarter, north of range five west of the third principal meridian, in the district of lands subject to sale at Springfield, containing forty acres, according to the official plat of the survey of the said lands, returned to the general land office by the surveyor-general."

It was admitted by the defendant that he was in possession of the land in controversy at the time of the commencement of this suit. This was all the testimony on the part of the plaintiff.

The defendant then offered in evidence a deed, without date, from the sheriff of Tazewell county to himself, based upon an

alleged judgment and sale for taxes, purporting to convey "thirty-four acres of the southeast quarter of the southeast quarter of section two in township twenty-four, north range five west, third principal meridian." To the introduction of which the plaintiff objected, for the reason, among others, that it contained no sufficient description of the land in question. But the court overruled the objection, and allowed the deed to be read in evidence, and the plaintiff excepted.

The defendant then gave in evidence tax receipts for the years 1843 and 1848 to 1857, inclusive, and offered in evidence another tax deed, bearing date March 17th, 1848, from the sheriff of Tazewell county to himself, purporting to convey land by the following description: Seven acres off the east side of the southeast quarter of the southeast quarter of section two, in township twenty-four, north range five *east* third principal meridian.

To the introduction of this deed the plaintiff also objected, upon the ground, among others, that it did not sufficiently describe the land in question. The court overruled the objection, and the deed was read in evidence, the plaintiff excepting.

There was proof in regard to alleged irregularities in the tax sales upon which the deeds given in evidence were based, which it is not important to notice. The only instruction given to which exception was taken, was the first given on behalf of the defendant, as follows:

"1st. That if they are satisfied from the evidence that the defendant had color of title, made in good faith to, and paid all the taxes assessed on the land in controversy, the same being vacant and unoccupied for seven successive years, before the commencement of this suit, he shall be adjudged the legal owner thereof to the extent and according to the purport of his paper title."

There was no proof in the record that the premises were vacant and unoccupied for seven successive years before the commencement of the suit.

On the 13th of April, 1858, the jury returned a verdict as follows: "We, the jury, find for the defendant," and following

the entry of this verdict was the following: "It is therefore ordered and adjudged by the court that the defendant recover of the said plaintiff the costs and charges about his suit expended, and that execution issue therefor."

At the February Term, 1860, the plaintiff entered his motion that final judgment be rendered upon the verdict of the jury returned in this cause at the April Term, 1858, said verdict being first put in proper form.

The court overruled the motion to enter final judgment, but entered upon his docket the following: "*Ordered* by the court, that the clerk so amend the record of the court in said cause, and put the verdict of the jury in proper form, and write up the record accordingly."

Whereupon the plaintiff, having paid all the costs in said cause, moved that the said verdict, as amended, be set aside, and the plaintiff be allowed a new trial under the statute.

This motion was overruled, and the plaintiff excepted, and thereupon sued out this writ of error.

The questions arising upon the assignment of errors, are, whether the description of the land in the two tax deeds, given in evidence by the defendant, was not so uncertain and variant from the description of the land sued for, that the deeds were inadmissible for any purpose. *Second*, whether the plaintiff's application for a new trial under the statute was in apt time; and, *Third*, whether the instruction given for the defendant did not improperly leave to the jury to decide what is color of title made in good faith.

Mr. R. E. WILLIAMS, for the plaintiff in error.

Messrs. WEAD & COCHRAN, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It is agreed by the parties to this record, that the bill of exceptions taken on the trial shall be considered the record in the cause, and the facts stated in it shall be taken as all the proofs in this behalf, and the Supreme Court shall decide upon the merits of the case as shown by the bill of exceptions.

Common courtesy, laying out of view the duty of the plaintiff in error, required him to present, in his abstract, this bill of exceptions, and the instructions of which he complains. This he has not done, and for the inexcusable omission, we might well refuse to consider the case on his abstract. We warn the counsel for the plaintiff in this case, and all others in other cases, that we will not consider a case on an abstract so imperfect as this is, and so entirely at variance with the rule requiring abstracts. We cannot, with the immense labor devolving upon us, pick out the facts contained in a voluminous record, and thus perform duties devolving on counsel, and we will not do it. We will hold them to a strict observance of the rules.

To understand this case properly, as it is presented by the bill of exceptions, it is only necessary to advert to two facts. First. The deed first introduced as evidence is for thirty-four acres of land out of a certain tract of land, without specifying the part of the tract out of which it is to be taken. This deed is void for uncertainty, as the land sold cannot be located. It cannot be ascertained by the description. *Laflin* v. *Herrington et al.*, 16 Ill. 304; *Hughes* v. *Streeter*, 24 id. 647.

The deed for the seven acres should not have been admitted, for the reason the land in controversy lies in range five west, whereas the land conveyed in this deed lies in range five east, consequently, it cannot by any possibility, be the same land.

These deeds being taken from the jury, the defendant showed no color of title, and, therefore, should not have had the verdict. Color of title and payment of taxes must concur. *Chickering et al.* v. *Failes et al.*, 26 Ill. 507. And the color must arise out of some conveyance purporting to convey title to a particular tract of land. *Dickenson* v. *Breeden*, 30 id. 279, and cases there cited.

There is no proof in the case that the premises were vacant and unoccupied for seven successive years before the commencement of the suit. Nor was it the province of the jury to determine what is color of title made in good faith, consequently the court should not have given the first instruction.

No particular objection is alleged against the other instructions; we therefore refrain from any remarks upon them.

We perceive no reason why the court should not have granted a new trial under the statute, after the record was amended at the February Term, 1860, by putting the verdict in proper form. As rendered, the verdict was, simply, we find for the defendant. After being put in form, the plaintiff paid the costs and demanded a new trial under the statute. His motion should have been allowed. Scates' Comp. 218, § 30.

The judgment is reversed and a *venire de novo* ordered.

*Judgment reversed.*