No. 6017.

NELSON COKER AND WIFE *v.* T. M. ROBERTS.

1. HOMESTEAD—ESTOPPEL.—Coker and wife regularly executed a deed defective in description, for their homestead, to Knight.  It was in-tended as security for money advanced.  Coker sold to Lee, after point-ing out the corners, and put him in possession, and Knight, at Coker's request, made the deed to Lee.  Lee remained in possession until his sale to Roberts.  Coker and wife had never abandoned the land as homestead, and sued Roberts, who, at his purchase, was ignorant of the homestead character of the property.  *Held:*

(1) That Lee took no title as against the homestead, because the transfer from Knight at the husband's request did not conclude the wife, nor did the husband's pointing out the corners of the tract cure the defective description of the land in the deed.

(2) Roberts, buying from Lee in possession, under legal title perfect on its face, without notice of the homestead rights of Coker and wife, and paying the purchase money, would be protected against the claim for homestead.

2. DESCRIPTION OF LAND.—"All that certain tract of land lying on Jones creek, and bounded as follows, viz: On the west by Isaac Garner's sur vey, and on north by Jefferson Jones pre-emption survey," held insufficient as description, even in a deed between parties where all presumptions are indulged, that effect be given to the deed.

3. SAME.—The rule is that a deed, to be valid, must describe the land by its terms, or give data from which the description may be found and made certain.

4. HOMESTEAD.—The husband can not by subsequent act ratify or validate an imperfect conveyance of the homestead, against the wife asserting homestead rights.

5. IMPROVEMENTS IN GOOD FAITH.—An imperfect deed may be a sufficient basis for the claim for valuable improvements made by a good faith possessor under such deed.

APPEAL from Montague. Tried below before the Hon. F. E. Piner.

Coker and wife appeal from a judgment against them in an action of trespass to try title for one hundred and sixty acres, their homestead.

The facts necessary are given in the opinion.

*Stephens, Matlock & Herbert*, for appellants: 1. It is the purpose and policy of the homestead exemption to give to every family a home, "a refuge which can not be invaded nor its tranquility or serenity disturbed;" and this homestead right can only be divested by conveyance by husband and wife in accord with law, and when the homestead right has attached and has not been abandoned, the husband has no power to convey the homestead without concurrence of his wife. (Wheatley v. Griffin, 60 Texas, 209; Wood v. Wheeler, 7 Texas, 14; Constitution State of Texas, art. 16, sec. 15.)

2. A deed of conveyance that does not describe and identify the land conveyed by field notes, number of acres, grant, county, state or location, is void for want of description, and

it can not be cured by parol evidence. (Steinbeck v. Stone, 53 Texas, 382; Norris v. Hunt, 51 Texas, 609; Gaston v. Dashiel, 55 Texas, 517; Pfeiffer v. Lindsay, 66 Texas, 123; Kingston v. Pickins, 46 Texas, 99.)

3. Where uncertainty of description in a deed does not appear from the face of the deed, but arises from extraneous facts, parol evidence is admissible to remove or explain it; but it is an obvious principle that a grant must describe the land to be conveyed, and that the subject granted must be identified by the description given of it in the instrument itself. Latent and not patent ambiguities are explainable by parol evidence. (Norris v. Hunt, 51 Texas, 616; Kingston v. Pickens, 46 Texas, 99; Pfeiffer v. Lindsey, 66 Texas, 123.)

4. When a family have once acquired a homestead, it remains their homestead until such homestead rights are divested by due process of law. (Jacobs v. Hawkins, 63 Texas, 1; Wheatley v. Griffin, 60 Texas, 209; Cline v. Upton, 59 Texas, 27; Foreman v. Merony, 62 Texas, 723; Page v. Crain, 5 Texas Law Review, 739; Newman v. Farquhar, 60 Texas, 640; Slavin v. Wheeler, 61 Texas, 657.)

*Sparks & Smith,* for appellee, cited Shepherd v. Cassiday, 20 Texas, 29; Womack v. Womack, 8 Texas, 397; Dalton v. Rust, 22 Texas, 133; Eylar v. Eylar, 60 Texas, 315; Jones v. Fulcrod, 5 Texas, 512; Mead v. Randolph, 8 Texas, 191; McClenny v. Floyd, 10 Texas, 159; Ottenhouse v. Burleson, 11 Texas, 87; Dugan v. Colville, 8 Texas, 126; Taylor v. Ashley, 15 Texas, 50.

COLLARD, JUDGE. This was a suit of trespass to try title by the appellants against the appellees. The plaintiffs below, Coker and wife, offered a patent issued to Coker as a preemptor of the one hundred and sixty acres of land in controversy, and rested. Defendants claimed under a deed from Coker and wife to one Anderson Knight, of date the thirteenth day of January, 1880; deed from Knight to R. Lee dated the thirteenth day of December, 1880, and a deed from Lee to defendant below, T. M. Roberts. Plaintiffs attacked their deed to Knight upon the grounds, first, that it was intended as a mortgage to secure seventy-five dollars Knight had agreed to pay the officers of court for Coker for a fine and costs against the latter; and second, that the deed is void for want of description.

The trial judge gave judgment against plaintiffs, the case having been submitted to him upon the facts and law. The evidence is somewhat conflicting as to whether both Knight and plaintiffs understood the deed to be a mortgage—the officer, Hale, who took the acknowledgments of the husband and wife, which was in form as prescribed by law, testifying that the certificate of the wife's privy examination and acknowledgment was true in every particular and that nothing was said about a mortgage; while Coker and wife both testified that Knight and the officer both told them that the instrument was a mortgage, that the wife was not examined privily and apart from her husband, and that they were illiterate people and could not read or write; yet upon the whole evidence, especially that relating to Lee's purchase in December, 1880, where it appears he bought the land from Lee, paying and agreeing to pay Coker for the land, recognizing that he was the real owner of the land, while taking a deed from Knight by Coker's direction, all with Knight's concurrence and consent, it seems that it was conclusively shown by the evidence that Knight had only a legal title, while the equitable title was in Coker and wife; that Knight so regarded it, and that Lee, from such transaction, must have known that Knight did not claim to be the owner of the land. The premises was the homestead of Coker and his wife at the time of the transaction, and it was in proof that they had never abandoned it or acquired another home, though they had rented it out in 1880 and moved to a distant county. At the time of Lee's purchase Coker put him in possession, and he continued in possession to the time he sold to Roberts in September, 1884.

Now, from the foregoing it is clear that if this controversy were between Coker and wife and Lee, the former would be entitled to recover the premises, because Lee purchased with notice that Knight was not in fact the owner of the land; there being no pretense that Coker's wife was in any sense a party to the sale to Lee. Coker directed Knight to make the deed to Lee, because he was advised that the legal title was in Knight, and such a course would dispense with deed from him and his wife, and save him the necessity of returning to Grayson county for his wife's acknowledgment. It results that the sale of the homestead to Lee was by Coker alone, that the deed was made by Knight under Coker's direction, and that the wife did not join in the sale at all. Lee having notice of all these facts, he could not be protected under the doctrine of estoppel

or any other principle legitimately arising from the facts. Roberts does not occupy the same relation to the parties. He knew nothing about the facts existing in parol, nothing beyond what was shown by the deeds. These deeds evidenced to him a perfect deraignment of title from Coker and wife; he paid five hundred and fifty dollars, a valuable consideration, and, for aught that appears, the full value of the premises to Lee, who was in possession. There is no dispute about his position, no conflict in the evidence. He is shown to be an innocent purchaser for value. The court below decided that the plaintiffs were estopped, which would include the finding that Coker and wife knew the instrument they signed was a deed upon its face. Coker directed that, as Knight had the legal title, he should make the conveyance to Lee. The court below was authorized to conclude from the evidence that the officer's certificate was true; that no fraud was perpetrated by him and Knight upon Coker and wife, and that the latter had knowingly made a deed valid on its face to convey the land (if the deed described any land), and so put it in Knight's power to deceive a stranger to the real facts underlying the transaction, and so to perpetrate a fraud upon a purchaser. This was in fact done. Roberts bought with the deeds before him, and Lee, the vendee of Knight, in possession. Everything he could see put the title in Lee with its incident rights, and under such circumstances, according to the finding of the court, by the concurrence of plaintiff, Roberts paid the purchase price of the land. If Knight had purchased in the same good faith, and with the same assurance of the verity of the certificate of acknowledgment, the law would protect him, though it might appear that Coker's wife was imposed on. (Pool v. Chase, 46 Texas, 210; Williams v. Pouns, 48 Texas, 141; Hurt v. Cooper, 63 Texas, 362; Pierce v. Fort, 60 Texas, 464; Brewster v. Davis, 56 Texas, 478; Kocourek v. Marak, 54 Texas, 201.)

If the court's finding that plaintiffs knew they had signed a deed be true, then Roberts should be protected in his purchase, as otherwise plaintiffs would be allowed to defraud him by executing an apparently valid deed, though false in fact.

The second objection to the deed of Coker and wife is that it is void for want of certainty in the description of the land. The description is as follows: "All that certain tract of land lying on Jones creek, and bounded as follows, viz.: on the west by Isaac Garner's survey, and on the north by Jefferson

Jones's pre-emption survey." This is the whole description in the deed. It is not stated in what State or county the land is situated; it does not state the name of the survey or grant, the number of acres, or any matter from which the land can be identified. Upon examination we see that the patent offered in evidence places the Coker pre-emption on the east of the I. Garner survey, but there is no call for the Jones pre-emption, or Jones creek, and there was no attempt to locate them by parol. There is no reference to the patent or any other instrument by which any land could be identified by the description in the deed.

The ambiguity is patent and can not be aided by averment or proof. The rule is that a deed, to be valid, must describe the land by its terms, or give data from which the description may be found and made certain. There is nothing referred to in the deed that could help the description, and in such case parol evidence is not admissible to show what land was intended to be conveyed. The deed is void upon its face for want of certainty in description. (Norris v. Hunt and authorities there cited, 51 Texas, 612; Cleveland v. Sims, 69 Texas, 154; Bitner v. Land Co., 67 Texas, 342; Terrell v. Martin, 64 Texas, 125.)

It is true this deed was between private parties in which every presumption should be indulged that some interest should pass; but when a deed between individuals is utterly devoid of any matter of identity whatever, and devoid of any reference from which the specific law intended to be conveyed can be identified, it must be held to be void. The fact that Coker, after this deed was executed, and some time before his sale to Lee, pointed out to Lee the lines and corner of his one hundred and sixty acres, and that he afterwards directed Knight to make deed to his land to Lee, which was done, can not be made available to aid the description in the deed to Knight. That transaction must stand upon its own merits; it was a sale of the homestead by the husband alone under circumstances, that if the husband alone had the power to make the sale, would have estopped him from afterwards denying the right of Knight to sell the particular land described in the deed; but it being the homestead he could not, by any act of sale or ratification, or by pointing out the land, supply the want of description in a deed to which his wife was a necessary party, and whose consent, in the required forms of the statute, is still, at the time

of such acts, necessary to a valid conveyance. If it could be made to appear that the homestead had in fact been abandoned the husband could, by a ratification, or by acts amounting to an estoppel, cure the defect of description in a deed formerly made to the homestead by himself and wife; but such power would rest upon his right to make a valid conveyance at the time of the ratification. So long as the premises are the homestead he could not alone, or by act of estoppel, pass the title.

There was no evidence but that of Coker and wife upon the subject of abandonment, and from that there can be but the one conclusion, that at the time of the deed of Knight to Lee, and, it seems, up to the time of trial, the property was the homestead. However, we only decide upon the facts and proposition before us, and hold that at the time of the transaction resulting in Lee's purchase, the property was a homestead, and that such transaction did not bind Coker's wife. (Wheatley v. Griffin, 60 Texas, 209; Jacobs v. Hawkins, 63 Texas, 1.)

There was proof of valuable improvements made in good faith by defendant which the court would probably have allowed if his decision had been for the plaintiffs.

In this view we conclude it would be right to reverse and remand the case rather than to reverse and render. Roberts's title has failed because of the want of description in the deed to Knight, and he can not recover the land as the case is now presented. We therefore report the case to be reversed and remanded.

*Reversed and remanded.*

Opinion adopted October 30, 1888.

Stayton,
*Chief Justice.*