### M. L. McKinzie et al. v. U. M. Stafford.

#### No. 627.

1. **Insufficient Acknowledgment.**—The following acknowledgment is insuffi-cient to a deed signed *F. M. McKinzie:* "This day F. M. *McKezie* acknowledged that he signed the foregoing instrument for all the purposes and intentions therein contained. The above was acknowledged before me this 7th day of September, 1870. E. An-drews, J. P., beat number 3, A. Co.; ex officio notary public A. Co."

2. **Insufficient Description in Private Deed.**—A deed which describes the land conveyed as "343 acres lying and being situated about six miles northwest of the town of Palestine, in Anderson County, being a part and parcel of a tract of land of 543 acres which included the homestead of McK., being the P. headright survey, and the S. grant conveyed to me by L. by deed dated September 23, 1870, to which refer-ence is made," is insufficient, when it appears that the deed referred to is as indefinite in description as the deed made.

. 3. **Defective Description—Supplying Defects by Parol.**—The deed was not sufficient in its description to warrant its admission in evidence in support of the pleas of five and ten years limitation, and it was not competent to supply the defects in the description by parol testimony.

4. **Ten Years' Adverse Possession.**—Upon proof of ten years' adverse possession of the 543 acres, defendant would be entitled to recover 160 acres thereof, to include his improvements, or to the extent of his inclosure, if of more than 160 acres.

.Appeal from Anderson. Tried below before Hon. A. B. Watkins.

*Thomas B. Greenwood & Son,* for appellants.—1. The court erred in basing its judgment upon and admitting in evidence the instrument, of date July 23, 1870, purporting to convey to defendant 200 acres of land, as a duly recorded instrument, over the plaintiffs' objections: (1) That it was not shown that F. M. McKinzie acknowledged said instrument as required by law. (2) That the certificates of acknowl-edgment on said instrument failed to show that the F. M. McKinzie who was the grantor in person who executed the same ever acknowl-edged the execution or signing of said instrument. (3) That said certificate failed to show that either person who appeared before the officer and acknowledged signing said instrument was known or proven to be the F. M. McKinzie who signed or executed said instru-ment. Stephens v. Motl, 81 Texas, 119; Carlton v. Lombardi, 81 Texas, 358; Pasch. Dig., arts. 1003, 5007, 5010; Rev. Stats., arts. 4308, 4309, 4312; Monroe v. Arledge, 23 Texas, 478–480; Schramm v. Gen-try, 63 Texas, 584; Salmon v. Huff, 80 Texas, 136; McKie v. Ander-

son, 78 Texas, 210; Hayden v. Moffatt, 74 Texas, 649; Sowers v. Peterson, 52 Texas, 216; Belcher v. Weaver, 46 Texas, 298; 1 Am. and Eng. Encyc. of Law, 154, note 1.

2. The court erred in basing its judgment on and admitting in evidence the pretended conveyance of F. M. McKinzie and M. L. McKinzie to U. M. Stafford, dated July 23, 1870, for the following reasons: (1) Because its execution was not proven. (2) Because it was not shown that the acknowledgments were made before the person certifying thereto as an officer. (3) Because the certificates of acknowledgment give no venue, and do not show that the officer making them impressed his seal therein. Pasch. Dig., arts. 4692, 4693, 5007, 5010.

3. The court erred in basing its judgment upon and admitting in evidence as a deed duly registered (to support limitations of five years), or as a written memorandum of title duly registered fixing the boundaries of the defendant's claim (to support limitations of ten years), the instrument dated January 6, 1874, from A. F. Hunt to Munroe Stafford; because it purports to convey an undefined tract of land, giving no data by which it can be located, and giving no description by which it can be identified, either by virtue of the recitals in said instrument itself or by reference to any other instrument shown to so describe said land that it can be identified. Rev. Stats., arts. 3193-3195; Masterson v. Todd, 24 S. W. Rep., 684; McDonough v. Jefferson Co., 79 Texas, 535, 538, 539; Brokel v. McKechnie, 69 Texas, 32-34; McLouth v. Hurt, 51 Texas, 120; Cantagrel v. Von Lupin, 58 Texas, 570; Tarlton v. Kirkpatrick, 1 Texas Civ. App., 107; Flanagan v. Boggess, 46 Texas, 335; Cook v. Oliver, 83 Texas, 559; Rev. Stats., art. 548; Norris v. Hunt, 51 Texas, 612-617; Coker v. Roberts, 71 Texas, 601, 602; Johnson v. Granger, 51 Texas, 42; Giddings v. Day, 84 Texas, 608; Pfeiffer v. Lindsay, 66 Texas, 124; Knowles v. Torbitt, 53 Texas, 558; Dohoney v. Womack, 1 Texas Civ. App., 361-363.

4. The court erred in admitting in evidence the parol testimony of Monroe Stafford as to what land was understood and known and intended to be conveyed to him by F. M. McKinzie, and as to what land was understood to be the land bought from A. F. Hunt; because (1) the description contained in the deeds of F. M. McKinzie and wife and of A. F. Hunt to the defendant could not be aided by the defendant's parol testimony; (2) said testimony did not explain, or tend to explain, the terms and language used in said deeds; (3) said deeds contained no description sufficiently definite and certain upon their faces or by reference to any other instrument to identify the land purported to be conveyed or any part of the land sued for herein, and no parol extrinsic testimony could be legally admitted to identify the land intended to have been conveyed; (4) the law of this State requires and has always required that conveyances of land shall be evidenced by instruments in writing; (5) a deed duly registered to support limita-

tions of five years or a written memorandum of title fixing the boundaries of land claimed to support limitations of ten years, must contain such description as, unaided by extrinsic facts and testimony, will identify the land claimed. Masterson v. Todd, 24 S. W. Rep., 684; McDonough v. Jefferson Co., 79 Texas, 535–539; Brokel v. McKechnie, 69 Texas, 32–34; Norris v. Hunt, 51 Texas, 612–617; Rev. Stats., art. 548.

*P. W. Brown* and *A. W. Ewing*, for appellee.—1. The law in force prior to the adoption of the Revised Statutes of 1879 did not require the officer taking acknowledgment to show affirmatively in his certificate that the person making the acknowledgment was personally known to him to be the grantor in the instrument. Slack v. Dawes, 22 S. W. Rep., 1053; Driscoll v. Morris, 21 S. W. Rep., 629; Watkins v. Hall, 57 Texas, 4; Stephen v. Motl, 16 S. W. Rep., 731.

2. The deed from A. F. Hunt to the defendant, dated January 6, 1874, being a voluntary deed between parties, must be given that construction which gives it effect and passes some interest, rather than that which renders it inoperative and void, and must be construed most strongly against the maker. Controlling weight in construing the deed must be given to the calls describing the land as being 343 acres of land of the F. M. McKinzie 543 acres tract, and also to the statement by way of further identity, that the other part of the 543 acres survey was the homestead tract of F. M. McKinzie. Ragsdale v. Robinson, 48 Texas, 398; Jones v. Powers, 65 Texas, 212; Craig v. Cartwright, 65 Texas, 413; Potter v. Wheat, 53 Texas, 406.

3. In voluntary sales of land, where the identical land intended to be conveyed is known by the parties, and it is understood and intended by the parties that that identical land is to be embraced in the conveyance, but the description given in the conveyance is inaccurate and not quite full enough, parol testimony is admissible to aid the description given in the conveyance; and when the conveyance is properly authenticated and recorded, and the grantee takes actual, visible, and adverse possession of the land under the conveyance, occupying, using, and enjoying the land, paying taxes thereon for ten years, it will support the five and ten years statutes of limitations. Jones v. Powers, 65 Texas, 212; Craig v. Cartwright, 65 Texas, 413; Cook v. Olive, 19 S. W. Rep., 161; Camley v. Stanfield, 10 Texas, 550; Nye v. Moody, 70 Texas, 434; Wofford v. McKenna, 23 Texas, 46; Wilson v. Smith, 50 Texas, 370; Dahoney v. Womack, 20 S. W. Rep., 950; same case, 19 S. W. Rep., 883; Nye v. Moody, 8 S. W. Rep., 606; Wallace v. Miller, 52 Cal., 655; Lawrence v. Ballou, 37 Cal., 518; Schenck v. Evoy, 24 Cal., 104; Gibbs v. Swift, 12 Cush., 397; Brown v. Bailey, 1 Metc., 254.

4. In voluntary sales of land, if the land is described in the deed with sufficient certainty as to be rendered certain by other testimony, parol testimony is admissible to aid the description given in the deed.

Camley v. Stanfield, 10 Texas, 550; Jones v. Powers, 65 Texas, 212; Cook v. Olive, 19 S. W. Rep., 161; Ragsdale v. Robinson, 48 Texas, 379; Kingston v. Pickens, 46 Texas, 99; Craig v. Cartwright, 65 Texas, 413; Wilson v. Smith, 50 Texas, 369.

PLEASANTS, ASSOCIATE JUSTICE.—This is an appeal from a judgment of the District Court of Anderson County, rendered against appellants, in a suit of trespass brought by them for the recovery of 543 acres of land, the same being fractional parts of two surveys patented to the heirs of Carter T. McKinzie, and being the tract of land set apart and decreed to F. M. McKinzie upon partition of the estate of the said Carter T. McKinzie. F. M. McKinzie died in 1879, and the plaintiffs are his widow and his children. The defendant, U. M. Stafford, pleaded not guilty, the statutes, five and ten years' limitation, and tenancy in good faith. In support of his claim of title by purchase from the said F. M. McKinzie, the defendant offered in evidence as a duly recorded instrument, without offer or attempt to prove its execution otherwise, a deed which purports to be a conveyance from said McKinzie and his wife to defendant, for 200 acres of said land, with the following certificate indorsed thereon: "This day F. M. McKezie acknowledged that he signed the foregoing instrument for all the purposes and intentions therein contained. The above was acknowledged before me this the 7th day of September, 1870. E. Andrews, J. P. beat number 3, A. Co., ex officio notary public A. Co." To the introduction of this instrument the plaintiff objected on several grounds, and among others, that it was not shown that F. M. McKinzie acknowledged said instrument. This objection should have been sustained and the instrument excluded, but the objection was overruled and the paper admitted in evidence, and for this error the judgment must be reversed. The certificate of the officer, that "F. M. McKezie" appeared before him and acknowledged that he signed an instrument purporting upon its face to have been signed "F. M. McKinzie," was insufficient in law to authorize the registration of the instrument.

Upon further progress of the trial, the defendant, to support his pleas of limitation of five and ten years, offered in evidence the following deed duly recorded in the clerk's office of Anderson County on the 2nd of February, 1874, and bearing date January 6, 1874, and which conveys from Albert F. Hunt to the defendant 343 acres of the 543 acres sued for, and which describes the land conveyed as follows: "Three hundred and forty-three acres of land lying and being situate about six miles northwest of the town of Palestine, in the said county of Anderson, being a part and parcel of a tract of land of 543 acres, which included the homestead of F. M. McKinzie, being the Richard R. Power headright survey and the Max Salado grant, and more fully described by deeds of record in said county of Anderson, in the district clerk's office; said tract of land having been

conveyed to me by D. B. Luckey, by deed dated September 23, A. D. 1870, and recorded in pages 423 and 424 of book 'N' of the record of deeds of Anderson County, Texas, to which reference is hereby 'made' for a more full description."

The deed herein referred to from D. B. Luckey to the grantor, Hunt, is as indefinite in its description as is this deed from Hunt to the defendant. The plaintiffs objected to the introduction of the deed, because it purports to convey an undefined tract of land, and contains no data by which the land can be located; and because neither by its own recitals nor by reference to the recitals in any other deed does it give a description of the land by which it can be identified. The objections should have been sustained, but they were overruled, and the instrument admitted in evidence. The deed, in our judgment, is not sufficient in its description of the land conveyed to warrant its admission in evidence in support of either the plea of five or ten years limitation, nor was it competent to supply the defects in the description of this deed, as was done, by the parol testimony of the defendant.

In view of another trial it is proper to say, that upon proof of the execution of the purported conveyance from F. M. McKinzie to defendant for 200 acres of the land sued for, parol testimony of facts from which the 200 acres can be identified and located will be admissible. Upon proof by defendant of adverse possession for ten years of the remainder of the 543 acres, defendant will be entitled to recover 160 acres thereof, to include his improvements, unless he has had actual possession by inclosure of more than 160 acres, in which event he would be entitled to recover to the extent of his boundaries. The defendant's claim of title may be such as to authorize a recovery for the value of any permanent and valuable improvements made upon the premises.

For the errors indicated, the judgment of the lower court is reversed, and the cause remanded for another trial.

*Reversed and remanded.*

Delivered September 20, 1894.