## MRS. SARAH WINN v. BUCK WINN.

### Decided May 30, 1900.

**1. Impeachment of Witness.**

A plaintiff who, while testifying, had denied upon cross-examination that she had been guilty of theft or had admitted such fact to W. (a fact not relevant to the issues on trial), could not be impeached by the testimony of W. that she had made such admission.

**2. Same—Objection to Testimony—Waiver.**

That counsel while objecting to the question whether witness had admitted guilt of theft to W., had conceded that W.'s testimony to such fact was admissible, did not prevent him from urging legal objections to such testimony when it was offered.

**3. Homestead—Sale—Interest of Surviving Wife.**

The surviving wife took a one-third interest for life, and a right to use it as a home, in the homestead, the separate estate of the husband; and on its sale by herself and the children she was entitled to a proportionate share of the proceeds, the value of which share the parties could fix by parol agreement.

**4. Married Woman—Disability—Agreement to Divide Homestead.**

An agreement by a married woman with her husband or his heirs to sell the homestead and divide the proceeds, she to take a child's share in satisfaction of her interest, was not binding upon her.

APPEAL from the County Court of Leon. Tried below before Hon. H. B. PRUITT.

*Dean & Dean* and *J. T. Ryan,* for appellant.

No briefs for appellee were on file.

COLLARD, ASSOCIATE JUSTICE.—This is an appeal by Mrs. Sarah Winn against Buck Winn, from the County Court of Leon County. No brief for appellee has reached us.

Mrs. Winn, the appellant, sued Buck Winn to recover $400 and interest, proceeds of the sale of homestead of plaintiff and her deceased husband, alleged to have been converted by defendant on the 4th day of January, 1897.

Defendant answered first to the jurisdiction, averring that the amount in suit was cognizable in the justice court, and that the averment of the amount sued for was fraudulently made to confer jurisdiction on the county court. Defendant also answered by general denial.

There was a verdict and judgment for defendant, from which the plaintiff has appealed.

*Opinion.*—Unquestionably the court below erred in permitting defendant's counsel to prove by the witness Robert Winn that plaintiff Sarah Winn had told him she had stolen $20 from Tobe Winn. She had testified that she had not stolen the money, and denied that she had so stated. The testimony was not admissible to impeach her, nor to degrade her character before the jury.

The court qualifies the bill of exception as follows: "Counsel for defendant had asked plaintiff on cross-examination if the reason why she had left Tobe Winn's was not the fact that she had stolen $20 from him, to which question plaintiff answered 'No.' Counsel for defendant then asked her if it was not a fact that she had stolen $20 from Tobe Winn, and had confessed the theft to Robert Winn, to which question plaintiff's counsel objected, but admitted that defendant could prove the fact of the theft by Robert Winn, for the purpose of discrediting her testimony, and with this understanding the court sustained the objection, and afterwards admitted the testimony of Robert Winn for the purpose of discrediting the testimony of plaintiff."

It is elementary and does not require discussion or authority that the plaintiff as a witness could not be impeached in the manner stated, nor could she be degraded by the testimony admitted, there being no issue in the case of the kind suggested. If plaintiff's counsel had admitted that such proof could be made by Robert Winn to discredit her testimony, counsel was not bound by the admission to allow illegal testimony, and it was the duty of the court on objection to exclude the testimony.

Plaintiff's case, in a great measure, depended on her own testimony, and the court should not have allowed her discredited as was done.

The homestead being the separate estate of her husband at his death, would descend to his heirs at law, subject to her right to use and occupy it as a home, and subject to her life estate of one-third of the property, whether she occupied or used it as a home or not. Rev. Stats., Art. 1689.

If the surviving wife and the heirs of an intestate sell the homestead, the wife would be entitled to her proportionate share of the proceeds of the sale, according to its value, and after the sale a parol agreement between the parties as to the value of such interest would be binding.

It was not proper to admit, as was done on the trial below, any such agreement or proposed agreement of plaintiff with her husband or his heirs prior to his death, to sell the homestead and divide the proceeds, she taking a child's share in satisfaction of her interest. The wife can not so bind herself during coverture, not even by a written contract to sell at a future time. Goff v. Jones, 70 Texas, 573; Jones v. Goff, 63 Texas, 248; Coker v. Roberts, 71 Texas, 597.

Any testimony to the effect that the wife agreed by parol, before the death of her husband, to sell the homestead and to divide the pro-

ceeds in a certain manner, would be inadmissible, whether such agreement was made with the husband or any other person.

We have noticed the material questions raised in the record, and find error as indicated. It is therefore ordered that the judgment of the lower court be reversed and the cause remanded.

*Reversed and remanded.*