[No. 3693. Decided March 13, 1901.]

LAND MORTGAGE BANK OF NORTHWESTERN AMERICA,
LIMITED, *Respondent*, v. JOHN A. NICHOLSON, *Appel-
lant.*

SUBMITTED QUESTIONS — FAILURE OF JURY TO ANSWER — RIGHT OF
COURT TO DETERMINE.

The failure of a jury in an equity case to answer a question
submitted by the court for their investigation as to the facts will
not preclude the court from proceeding, upon the testimony ad-
duced, to make findings of fact and conclusions of law in refer-
ence to the subject covered by such question.

Appeal from Superior Court, Thurston County.—Hon. Oliver V. Linn, Judge. Affirmed.

*H. L. Forrest* and *Byron Millett,* for appellant.

*Piles, Donworth & Howe* and *Allen Weir,* for respondent.

The opinion of the court was delivered by

Dunbar, J.—In August, 1894, Patrick Dunning, George McFry, and Mary Ann McFry executed to the plaintiff their note for $3,000, with interest at the rate of ten per cent. from date until paid, and to secure the payment of said note executed a mortgage of the west half of section 33, township 19 north, range 1 west, excepting therefrom twenty acres. The description in the mortgage excepting from its lien the twenty acres was as follows: "Beginning 80 rods south of the northwest corner of said section 33; running thence south on section line 80 rods; thence east 40 rods; thence north 80 rods; thence west to the place of beginning." The mortgagors failing to comply with the conditions of the mortgage, an action of foreclosure was instituted, judgment was obtained in said action, and the mortgaged premises, under order of the court, were sold. After the sale of the land it was discovered that a mistake had been made in the description of the twenty acres excepted from the lien; that the description should have been "Beginning at a point on the west line of said section 33, 120 rods south of the northwest corner of said section," instead of "80 rods south," as it appears in the mortgage. As the description appeared in the mortgages, the improvements on the farm fell on one of the ten-acre tracts which were excepted from the mortgage. It is evident that it was the intention to have the description in the mortgage commence at the point 120 rods south of the northwest corner, instead of the 80 rods

south. At the time of the application for the mortgage Dunning pointed out on the face of the earth the location of the excepted lands, which left the ten-acre tract in dispute here within the lien of the mortgage. In his application for the loan he also describes the buildings which were on the ten-acre tract in dispute, and insurance was taken out by the company in Dunning's name, subject to its interest, as is usual in such cases. So that there is no question, under the testimony in this case, but that a mutual mistake was made in describing the excepted property; and upon the discovery of this mistake a motion was made to revoke the order of sale, which was allowed, and the action was brought to reform and foreclose the mortgage, making it to conform to the intention of the parties at the time the mortgage was given. As to the general right of the mortgagors to bring an action of this kind, see *Jenkins v. Jenkins University,* 17 Wash. 160 (49 Pac. 247), where it was held that a mortgage describing by metes and bounds the tract intended to be mortgaged may be reformed when it was the intention of the parties to mortgage a tract upon which certain buildings stood, and by mutual mistake the land was described so as to indicate only a portion of the buildings. After the suit in foreclosure had been commenced, Dunning, who was the owner of the land in question, gave a quitclaim deed of the same to his nephew, John A. Nicholson, the appellant. In this action Dunning and the McFrys defaulted, and Nicholson resists the reformation of the mortgage, claiming that he was an innocent purchaser without notice of the mistake. Certain questions were submitted to a jury, but the pertinent question in the case, viz., whether or not Nicholson knew that the lands in question had really been mortgaged, was not answered by the jury; whereupon, by motion of respondent, the court proceeded, upon the testimony which had been adduced,

to make findings of fact and conclusions of law; and we think there can be no question of the right of the court to do this.  The court found, in substance, that Nicholson was not an innocent purchaser, and that the mortgage should be reformed as prayed for.  Judgment was entered in accordance with this finding, and from this judgment Nicholson appeals.

There are no questions of law involved in this case, or, at least, conceding all the presumptions that are claimed by the appellant, we are satisfied that the findings of the court and its conclusions of law were correct.  It would serve no good purpose to undertake an analysis of the testimony in this case.  We have examined it carefully, and from such examination are satisfied that Nicholson knew that the mortgage which was given by Dunning and the McFrys was intended to embrace the ten-acre tract of land upon which the buildings and improvements were located. His own testimony convinces us of this fact, outside of the testimony offered by the plaintiff in the case.  The judgment is therefore affirmed.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.