R. S. HANNA, Admr.

v.

THOMAS F. PALMER et al.

*Opinion filed December 18, 1901.*

1. HOMESTEAD—*homestead cannot be sold to pay debts until estate terminates.*  A homestead not exceeding $1000 in value cannot be sold by the administrator to pay debts until the estate in favor of the widow and children is extinguished, and claimants must wait until the estate is ended before applying for a sale of the property.

2. COLOR OF TITLE—*deed relied upon as color must describe premises with certainty.*  A deed relied upon as color of title must describe the premises with the same certainty as in an absolute conveyance.

3. SAME—*when a deed relied on as color is void for uncertainty.*  A deed relied upon as color of title is void for uncertainty where it describes the premises as "a part of the west half of the northeast quarter of section 17, town 3, north, range 9, east, in Richland county, Illinois, containing one acre, more or less."

4. LIMITATIONS—*widow cannot acquire valid title to homestead by buying at her own tax sale.*  It is the duty of the widow, as a life tenant, to pay the taxes on the homestead property, and she cannot acquire a valid title to the property by suffering the same to be sold for taxes and becoming the purchaser, directly or indirectly.

5. SAME—*purchase of property by widow at her own tax sale is evidence of bad faith.*  The fact that the widow allows the homestead property to be sold for taxes and afterwards acquires the tax title based upon such sale is evidence of bad faith on her part.

APPEAL from the County Court of Richland county; the Hon. J. D. MADDING, Judge, presiding.

H. G. MORRIS, for appellant.

JOHN LYNCH, Jr., for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the county court of Richland county, denying the application of the appellant, as administrator *de bonis non* of the estate of Henry Palmer, deceased, for an order of sale of real estate to pay debts.

Henry Palmer died intestate in the year 1883. He left Mariah L. Palmer, his widow, and the appellees, his son and daughters and sole and only heirs-at-law, him surviving. His son, Thomas F. Palmer, on June 18, 1883, was appointed administrator of his estate. An award of $705 was set off to the widow and claims amounting to a large sum were allowed against his estate. The personal property and all the real estate except the homestead were sold and the proceeds used in the payment of debts, and on March 16, 1887, the administrator made a final report and was discharged. At the time of such discharge there remained unpaid about $2000 of seventh-class claims. At the time of his death Henry Palmer and his family occupied as a homestead the premises sought to be sold, which consist of a house and about one acre of land, situated in the village of Noble, in said county, and was of a value not to exceed $1000. After the death of her husband Mrs. Palmer continued to occupy the homestead, and remained in possession thereof until her death, on the 23d day of February, 1901. After the death of Mrs. Palmer one of the creditors filed a petition in the county court for the appointment of the appellant, and he was duly appointed administrator *de bonis non* of the estate of Henry Palmer, deceased, and thereafter filed a petition, under the statute, for an order to sell said homestead for the payment of debts. The heirs of Henry Palmer, deceased, were made parties defendant and answered said petition, setting up as a defense thereto, and now urge, that said homestead is not subject to be sold for the payment of the debts of Henry Palmer, deceased, on the ground that the said Mariah L. Palmer held title to said homestead property at the time of her death, under section 6, chapter 83, of an act entitled "An act in regard to limitations," approved April 4, 1872, in force July 1, 1872, (Hurd's Stat. 1899, p. 1117,) and that they now own the same as her heirs. To sustain such contention the appellees introduced in evidence a tax deed from the county

clerk of Richland county to S. A. Cochennour, dated September 25, 1885, for "a part of the west half of the north-east quarter of section 17, town 3, north, range 9, east, in Richland county, Illinois, containing one acre, more or less;" also a deed from S. A. Cochennour to Robert Flanders, dated October 16, 1886; also a deed from Robert Flanders to Mariah L. Palmer, dated January 12, 1889, for the same premises; also tax receipts for the taxes upon one acre of land, being a part of the west half of the north-east quarter of section 17, township 3, range 9, Richland county, Illinois, for the years 1888 to 1894, inclusive, and proved that Mariah L. Palmer was in possession of such premises from January 12, 1889, to the time of her death.

The law is well settled that where the homestead premises do not exceed $1000 in value they cannot be sold to pay debts by the administrator of a deceased householder until after the termination of the exemption in favor of the widow and children, (*Hartman* v. *Schultz*, 101 Ill. 437; *Oettinger* v. *Specht*, 162 id. 179; *Mueller* v. *Conrad*, 178 id. 276;) and the holders of unsatisfied claims may wait until the homestead estate is extinguished before applying for a sale of the property, even though more than twenty years have elapsed since such claims were allowed. (*People* v. *Lanham*, 189 Ill. 326.) The only question, therefore, presented here for determination is, has the right of said claimants to have the appellant subject said homestead premises to sale for the payment of their claims been defeated under section 6 of the Limitation act?

To defeat the right of the appellant to sell said homestead premises for the payment of said claims it became and was necessary for the appellees to establish an adverse title by limitation. This could only be done by showing, first, claim and color of title made in good faith; second, seven successive years' possession by Mariah L. Palmer, or the appellees, under such color of title; and

third, payment of taxes during the seven years' possession. (*Taylor* v. *Lawrence*, 148 Ill. 388.) The deeds offered in evidence were not color of title, as they are all void for uncertainty. (*Shackleford* v. *Bailey*, 35 Ill. 387; *Brooks* v. *Bruyn*, id. 392; *Allmendinger* v. *McHie*, 189 id. 308.) One acre out of a tract of land, without specifying the part of the tract out of which it is taken, cannot be located. In *Shackleford* v. *Bailey, supra*, on page 391 it is said: "The deed first introduced as evidence is for thirty-four acres of land out of a certain tract of land, without specifying the part of the tract out of which it is to be taken. This deed is void for uncertainty, as the land cannot be located. It cannot be ascertained by the description." In a deed relied upon as color of title, the premises must be described therein with the same degree of certainty as in an absolute conveyance. In *Allmendinger* v. *McHie, supra*, on page 311 we say: "In neither of these deeds can the particular two and one-half acres of land intended to be conveyed be ascertained or located from the face of the deed. It is essential to color of title the premises shall be described with the same degree of certainty as is required in deeds relied upon as absolute conveyances."

The property in question was sold on the 28th day of May, 1883, for the taxes of the year 1882. At the time of the sale Mariah L. Palmer was in possession of said premises as a homestead and was tenant for life thereof. (Hurd's Stat. 1899, chap. 52, p. 867.) As such tenant for life it was her duty to pay the taxes on said premises, (Cooley on Taxation,—2d ed.—p. 467; 25 Am. & Eng. Ency. of Law,—1st ed.—p. 708;) and she could not neglect to pay the same and suffer the same to be sold, and become the purchaser, either directly or indirectly, at such sale, and thus acquire a valid title thereto; (*Lewis* v. *Ward*, 99 Ill. 525; *McChesney* v. *White*, 140 id. 330;) and the fact that she did allow said premises to be sold, and afterwards acquired the tax title based upon such sale,

by purchase, is evidence of bad faith on her part. (*Lewis v. Pleasants*, 143 Ill. 271.) The failure of the appellees to establish claim and color of title made in good faith necessarily defeats the title of appellees to said premises by limitation.

The county court erred in refusing to grant the prayer of the petition and in failing to order a sale of said premises to pay said claims. Its judgment, therefore, is reversed and the cause remanded to that court for further proceedings in conformity with the views herein expressed.

*Reversed and remanded.*