[No. 8524.  Department One.  March 25, 1910.]

HARRY BRODSKY, *Appellant*, v. MAGNUS NELSON *et al.*,
*Respondents.*[1]

DEEDS—DESCRIPTION—CERTAINTY.  A deed of the "west half of
the south of the southwest section twenty-two" is indefinite and
uncertain, and insufficient to show title to the north half of the
southwest quarter of the southwest quarter of the section.

QUIETING TITLE—EQUITABLE TITLE OF PLAINTIFF—TAXATION—DEED
—ACTION TO SET ASIDE—POSSESSION.  Equitable title to property,
under a quitclaim deed with a faulty description (which might be
reformed), is sufficient to authorize an action to quiet title and set
aside a void tax title, nor is it necessary that the plaintiff be in
possession.

SAME—PROOF OF EQUITABLE TITLE—SUBSEQUENT DEED—ADMISSIBIL-
ITY.  Where the plaintiff in an action to quiet title and set aside a
void tax title held a superior equitable title, before suit brought,
under a deed with a faulty description that might be reformed, a
quitclaim deed correcting the error, received by the plaintiff after
commencement of the action, is admissible to supply proof of the
error in the original deed upon which an action of reformation could
have been based.

Appeal from a judgment of the superior court for King
county, Frater, J., entered September 14, 1909, upon find-
ings in favor of the defendants, dismissing an action to quiet
title, after a trial on the merits before the court without a
jury.  Reversed.

*Judd & Olson,* for appellant.
*Revelle, Revelle & Revelle,* for respondents.

FULLERTON, J.—In this action the appellant, claiming to
be the owner of a tract of land described as the north half
of the northwest quarter of the southwest quarter of section
twenty-two, in township twenty-two, north, of range five,
east of the Willamette Meridian in King county, Washing-
ton, sought to have cancelled as a cloud upon his title a tax

[1]Reported in 107 Pac. 840.

deed thereof issued by the county treasurer. In his complaint the appellant alleged his ownership of the property, that the respondents held a tax deed thereto, that he had tendered to them the full amount of the taxes levied by the taxing officers and paid by them to the county, and facts tending to show that the tax deed was void. Issue was taken on the complaint and a trial entered upon, in which the appellant sought to show his capacity to sue by deraigning his title from the government of the United States. He put in evidence a chain of mesne conveyances showing title from the government to one J. Wilfred Stockton, and then offered a quitclaim deed, properly executed and acknowledged from Stockton to himself, executed prior to the commencement of the action, in which the land conveyed was described as follows: "The west half of the south of the southwest section twenty-two," etc. On this being rejected, he offered in connection therewith another quitclaim deed, also duly executed and acknowledged, which properly described the property, but of a date subsequent to the commencement of the action. The latter deed contained a recital to the effect that it was executed to make definite and certain the deed between the same parties above mentioned containing the defective description. This offer was also rejected, whereupon the appellant announced that he had no further record evidence to offer tending to prove his capacity to sue. The court thereupon directed a dismissal of the action on the ground that the appellant had no capacity to sue at the time of its commencement, and entered a judgment accordingly

The appellant undertakes to show, by eliminating what he deems surplusage in the description, that the deed first offered in evidence is sufficient to pass the legal title to the property sued for from Stockton to himself; but, without following his argument in detail, we think it wholly insufficient for that purpose. By striking out all that precedes the words "Section twenty-two" it could be said that the deed contained a sufficient description of section twenty-two, and,

on the principle that the whole includes the part, that it conveyed to the appellant the fractional quarter section described in his complaint. But we know of no rule of construction that would permit this. Manifestly the grantors named in the deed intended to convey some fractional part of the section, not the whole of it, and since that fractional part is not made certain, it must be held that the deed is insufficient to convey a legal title to any part of the section.

But we do not think the appellant's action should fail merely because he failed to show a legal title to the property. In this state it is provided by statute that any persons having a valid subsisting interest in real property may recover the same or have a judgment quieting or removing a cloud from his title, notwithstanding he may not hold the strict legal title. It is enough for that purpose that he have an equitable title to the property if the title he holds be the superior title. Rem. & Bal. Code, §§ 785, 793. In this instance it is manifest that the appellant had an equitable title to the property. The deed, although faulty in description, was one capable of being reformed in that respect even as against the will of the grantors. *Elwood v. Stewart*, 5 Wash. 736, 32 Pac. 735, 1000; *Commercial Nat. Bank v. Johnson*, 16 Wash. 536, 48 Pac. 267; *State v. Lorenz*, 22 Wash. 289, 60 Pac. 644; *Land Mtg. Bank of N. W. Amer. v. Nicholson*, 24 Wash. 258, 64 Pac. 156; *Dennis v. Northern Pac. R. Co.*, 20 Wash. 320, 55 Pac. 210. And this although the deed was a quitclaim without covenants of warranty. *Deford v. Mercer*, 24 Iowa 118, 92 Am. Dec. 460. Nor is it material whether or not the appellant was in possession of the property. *Brown v. Baldwin*, 46 Wash. 106, 89 Pac. 483; *Vietzen v. Otis*, 46 Wash. 402, 90 Pac. 264; *Carlson v. Curren*, 48 Wash. 249, 93 Pac. 315.

The appellant's equitable title to the property became a legal title after the execution of the subsequent deed. While this title could not relate back to the time of the original

deed so as to make that deed effectual had legal title in the appellant been essential to the maintenance of his cause of action, yet it aids it, nevertheless, because it supplies the proofs that the appellants might otherwise have had to introduce by parol; namely, that the original deed was intended to convey the particular tract of land in question and was otherwise sufficient on which to base action for reformation.

Since, therefore, the appellant was able to show a superior equitable title in himself to the property acquired prior to the commencement of action, derived from the original source of title, he should have been permitted to show, if he could, the invalidity of the respondent's tax title, and we hold that it is error to refuse to permit him so to do.

The respondents cite and rely upon, among cases from other jurisdictions, the following cases from this court: *Shelton Logging Co. v. Gosser*, 26 Wash. 126, 66 Pac. 151; *Hughes v. South Bay School Dist. No. 11*, 32 Wash. 678, 73 Pac. 778, 74 Pac. 333, and *Humphries v. Sorenson*, 33 Wash 563, 74 Pac. 690, but those cases are not in point. While they hold that one must have a valid subsisting interest in real property in order to maintain an action concerning it, they are not authority for the proposition that the appellant in the instant case did not have in this property such an interest.

The judgment is reversed and remanded for a new trial.

RUDKIN, C. J., CHADWICK, and GOSE, JJ., concur.