## ALLEN et ux. v. NORTHCUTT et al.
### No. 4402.

Court of Civil Appeals of Texas. Texarkana.
Nov. 15, 1933.

Rehearing Denied Nov. 30, 1933.

Bartlett & Bartlett, of Linden, for appellants.

B. F. Whitworth, of Linden, for appellees.

SELLERS, Justice.

Irving Allen and wife, Frankie Allen, brought this suit in the district court of Cass county against M. N. Northcutt and Reed Beasley to cancel two deeds to a 25-acre tract of land, a part of the Jos. Watkins Headright survey located in Cass county. The case was tried to the court without the aid of a jury, and, at the conclusion of the evidence, the court entered judgment for the defendants refusing to cancel the deeds and decreeing title to the land to be in M. N. Northcutt. To this judgment, plaintiffs excepted and have duly prosecuted this appeal.

The pleadings of appellants and the evidence given upon the trial by the appellant Irving Allen is to the effect that he desired to borrow $58 to pay his taxes and that J. R. McMichael agreed to loan him this amount if he would put up 25 acres of land which was a part of his homestead; that he gave McMichael a warranty deed to the land which was intended as a mortgage to secure the $58. This deed was dated December 27, 1928, and was signed at the time only by Irving Allen and was properly recorded January 31, 1931. In 1932 J. R. McMichael demanded of Irving Allen his money and he told McMichael that he would get it for him. Allen testified that he went to Reed Beasley and got him to take up the debt and to hold the land as security as McMichael had done. On February 13, 1932, Frankie Allen signed and acknowledged the deed to McMichael and the deed was again recorded. McMichael and his wife, by warranty deed, conveyed the land involved on February 13, 1932, to Reed Beasley for a cash consideration of $58. This deed was recorded February 19, 1932. On February 15, 1932, Reed Beasley and wife conveyed by warranty deed the land involved to M. N. Northcutt for a cash consideration of $90 and a note for $60 secured by a vendor's lien note on the land. This deed was recorded February 20, 1932. The evidence of McMichael corroborates that of appellant Irving Allen to the effect that the deed to him was only intended as a mortgage. Likewise they both gave evidence to the effect that Reed Beasley, at the time the land was conveyed to him by McMichael, knew that the deed from appellants to McMichael was only a mortgage and that the deed to Beasley was also intended as a mortgage. This evidence on the part of appellants Irving Allen and McMichael, was denied by appellee Reed Beasley, and he gave evidence to the effect that he never, at any time before he purchased the land from McMichael, had any knowledge that the deed to McMichael was intended as a mortgage. And he also testified that the deed from McMichael to him was not intended as a mortgage. In this state of the evidence we think there could be no doubt but that the trial court was authorized to find that appellee Reed Beasley purchased the land involved without any knowledge that the deed to McMichael by appellants was intended as a mortgage and therefore void because it was a lien upon appellants' homestead. This being true, the appellee Northcutt, in purchasing the land from Beasley, a bona fide purchaser, took such title as Beasley acquired from McMichael, and would be protected by that purchase, irrespective of any notice which Northcutt might have had as to the deed from appellants to McMichael being only a mortgage. Long v. Shelton (Tex. Civ. App.) 155 S. W. 945; Coker v. Roberts, 71 Tex. 597, 9 S. W. 665; 22 Tex. Jur. § 113, p. 162. Therefore, it becomes unnecessary to consider the assignment which complains that the evidence is sufficient to show that Northcutt knew at the time he purchased the land that the deed from appellants to McMichael was a mortgage.

The judgment of the trial court will be affirmed.