## EWERS v. W. T. CARTER & BRO. et al.
### No. 2576.

Court of Civil Appeals of Texas. Beaumont.
May 1, 1934.

Rehearing Granted June 6, 1934.

R. H. Jones, of Livingston, G. C. Lowe, of Woodville, and Chandler & Chandler, of Stephenville, for appellant.

J. A. Platt, Baker, Botts, Andrews & Wharton, and S. H. German, all of Houston, and M. M. Feagin, of Livingston, for appellees.

WALKER, Chief Justice.

As tried in the court below, this was an action in trespass to try title by appellees, W. T. Carter & Bro., a partnership, and the individual members of the partnership, against appellant, J. M. Ewers, involving the title to an undivided interest of 20 acres in a tract of 200 acres of land, out of the Mary C. Swinney survey in Polk county. All parties claim through Matilda Westbrook, who owned the 200 acres at the time of her death. Her title descended to her five children. Her daughter Nat, or Nattie, the wife of W. D. Ewers, inherited through her mother an undivided one-fifth interest in the 200 acres of land. On the 10th of July, 1882, she and her husband executed a deed whereby they attempted to convey to Mollie Pinkard the following described tract of land:

"An undivided interest in and to a subdivision of 200 acres of a survey in the name of Swiny, situated in the County of Polk, State of Texas."

Appellees, as plaintiffs, must claim through this deed. Nattie M. Ewers left surviving her two children; appellant, J. M. Ewers, one of her children, claimed an undivided interest of 20 acres in his mother's 40 acres, on the theory that his mother's deed to Mollie Pinkard was absolutely void. Upon trial to a jury appellees were awarded the land on an instructed verdict, from which J. M. Ewers has duly prosecuted his appeal to this court.

Appellant attacks the description in the deed from his mother as being absolutely void on two grounds: (1) Nothing passed under the description "an undivided interest in and to a subdivision of 200 acres"; (2) the original survey, as given in the description, cannot be found in Polk county. We shall not discuss the second criticism of the deed.

■ We agree with appellant's contention that the description of the land conveyed as "an undivided interest in and to a subdivision of 200 acres" was so indefinite and uncertain as to render the deed absolutely void. When a deed has been executed in the manner required by law, it is the law of this state that "every presumption should be indulged that some interest should pass," Coker v. Roberts, 71 Tex. 597, 9 S. W. 665, 667; but that presumption cannot be indulged against the affirmative recitations of the deed. If the description of the land is so indefinite and uncertain that it cannot be identified by the calls in the deed or by extraneous evidence admissible under the general rules of evidence in aid of the calls in the deed, then the deed is absolutely void and no interest whatever passes from the grantor to the grantee. The authorities of this state clearly support the conclusion that the attempt of the grantors, Nattie M. Ewers and her husband, to convey merely "an interest" in the 200 acres of land conveyed no interest whatever. In Curdy v. Stafford, 88 Tex. 120, 30 S. W. 551, 552, our Supreme Court said:

"An instrument which purports to convey 'a part' of a certain designated tract of land, but which does not describe that part, is void for uncertainty."

In Munson v. Munson, 30 Conn. 425, the court held void the following description:

"An undivided right in my real estate in said Watertown and Middlebury, to extend over the whole of the said estate, of the present value of five hundred dollars; hereby vesting the said Partree with a fee simple

undivided, and in common with myself, to that amount in value."

In Hanna v. Palmer, 194 Ill. 41, 61 N. E. 1051, 1052, 56 L. R. A. 93, the following description was held void:

"A part of the west half of the north-east quarter of section 17, town 3 north, range 9 east, in Richland county, Illinois, containing one acre, more or less."

For other cases interestingly in point see Brodsky v. Nelson, 57 Wash. 671, 107 P. 840; Texas cases: Continental Supply Co. v. Railway Co. (Tex. Com. App.) 269 S. W. 1040; Harris v. Shafer, 86 Tex. 314, 23 S. W. 979, 24 S. W. 263; Walker v. Maynard (Tex. Civ. App.) 31 S.W.(2d) 168; Gorham v. Settegast, 44 Tex. Civ. App. 254, 98 S. W. 665; McKinzie v. Stafford, 8 Tex. Civ. App. 121, 27 S. W. 790; Norris v. Hunt, 51 Tex. 609.

Appellees contend that Curdy v. Stafford, supra, supports the description in this deed, citing from that opinion the following proposition:

"But one which purports to convey that part of a certain tract which is owned and claimed by the grantor is not void upon its face, for it may be shown by extrinsic evidence what particular part the grantor so owned and claimed. So a description of the thing conveyed as the interest had and claimed by the grantor in a part of certain land is capable of being made certain because it points out the part conveyed as the part in which the interest is owned and claimed."

But the deed before us cannot be given the construction of conveying the interest "owned and claimed by the grantor." They also cite Deaton v. Hutson (Tex. Civ. App.) 261 S. W. 165, as being directly in point. The description of the deed in that case is so fundamentally different from the description before us that it would serve no useful purpose to review its facts and the court's conclusion thereon. Appellees correctly say that "there are many cases holding that the use of the words 'my' or 'our' undivided interest is a sufficient description. See for instance Ragsdale v. May, 65 Tex. 261. It is only necessary, therefore, to substitute the word 'my' or 'our' for the word 'an' to have a perfectly valid description." But we have no authority under the law to substitute the word "my" for the word "an." The deed in question must be construed as written, and when so construed, the authorities condemn it as absolutely void.

It follows that the judgment of the lower court must be reversed and judgment here rendered for appellants.

Reversed and rendered.

### On Rehearing.

Appellees assert that they relied upon the following quotation from Curdy v. Stafford, referred to in our original opinion, rather than the quotation therein given, and ask that we make this correction in opinion on rehearing:

"But even if the description in question admits of the construction that it means Cunningham's interest in an undefined part of the certificate, it may also, without doing violence to the language, be construed to mean the part which he owned and claimed; and that construction should be adopted which would give effect to the conveyance, rather than that which would destroy it. We conclude, therefore, the objection on the ground of uncertainty in the description cannot be maintained."

In reversing and rendering the judgment of the lower court in this cause by our opinion filed on the 22d of April, we overlooked the fact that appellees also pleaded a defense by limitation and introduced proof raising the issue thus pleaded. This issue was not submitted to the jury. It follows, of course, that our judgment of rendition against this plea must be set aside. Appellees' motion for rehearing is, therefore, granted to that extent. The judgment of the lower court is reversed and the cause remanded for a new trial.