[No. 1354.   Decided November 9, 1894.]

CHARLES T. WOODING, *Respondent, v.* OSCAR L. CRAIN, *Appellant.*

SPECIFIC PERFORMANCE—CONTRACT FOR CONVEYANCE OF LAND—
PLEADING—DEMURRER—RESCISSION—ESTOPPEL.

A complaint in an action to enforce the specific performance of a contract was to convey land is not demurrable on the ground that the contract was signed by an agent, when the question of agency does not appear on the face of the complaint itself.

Where a contract for the conveyance of land has been executed by the husband alone, a complaint in an action to enforce its specific performance is not demurrable from the fact that it alleges the tender of a deed in which both spouses join, as such tender does not raise a presumption that the land is community property.

One who has contracted with a married man for the purchase of community property cannot refuse to complete the contract where both husband and wife jointly execute and tender the deed thereto.

The neglect of the vendor, for nearly four months after the maturity of the deferred payments under a contract for the sale of land, to make tender of a deed, will not estop him from enforcing the contract where the parties thereto have not treated it as rescinded, and no hardship has resulted to the purchaser by reason of the delay.

One who makes a contract for the sale of land cannot escape liabilities thereunder by assigning his interest in the contract to a third party.

The conveyance by mistake to a third person of land contracted to be sold to another, will not operate as a rescission of the contract for the sale of the same, when the mistake is rectified by a conveyance to the vendor in time to permit of his tendering a good and sufficient deed to the purchaser under the contract for the sale of the land.

*Appeal from Superior Court, Chehalis County.*

*J. C. Cross,* for appellant.

*Ben Sheeks* and *Hogan & McGerry,* for respondent.

The opinion of the court was delivered by

DUNBAR, C. J.—This is an action brought in the Superior Court of Chehalis County for the purpose of enforcing specific performance. The complaint alleges that on the 28th day of May, 1891, the plaintiff entered into a written agree-

ment with the defendant to sell and convey to the defendant a certain lot of land in Chehalis county; that the purchase price of said lot was $2,200, of which $400.00 was paid down by the defendant, the balance to be paid in installments of $450.00 each, the last installment to be paid August 28, 1892, all the deferred payments to bear interest at the rate of ten per cent. per annum until paid; alleges the failure to pay, and that at all times since the making of the agreement the plaintiff has been the owner of said lot, ready, willing and able to perform his part of said agreement; that on the 19th day of December, 1892, he and his wife duly executed a deed conveying said premises in fee simple to the defendant, and made a tender thereof to the said defendant and demanded payment of the said sums due and unpaid; that the defendant refused to accept said deed and to make the payments demanded of him; alleges a continuance of the tender, and asks for specific performance. To this complaint the defendant interposed a demurrer, which was overruled by the court. Answer was then tendered, and the case went to trial, which resulted in a judgment for the plaintiff, from which judgment defendant appeals to this court.

So far as the first point raised in the demurrer is concerned, which we will first notice, viz., that the contract was made in violation of public policy by reason of its being signed by an agent, it appears from the complaint that there is no question of agency raised on the face of the complaint itself, as the allegation of the complaint is that the plaintiff entered into a contract himself.

The second ground of the demurrer, that the contract therein mentioned was made in contravention of the prohibition contained in § 1400 of the code, and being thus made was inoperative and ineffectual as a contract for the purposes therein mentioned, is not well taken. There is nothing on the face of this complaint which indicates that the property is community property. Of course the allegation that the deed was tendered by the respondent and his wife does not necessarily imply that the land sought to be conveyed or

tendered was community property, for, whatever the requirements of the law may be upon the subject, many people, in the exercise of an abundance of caution, desire the conveyance of any property to be by both spouses, in case of a conveyance by a married man.   But, even if the complaint were open to this objection on answer, it would be no answer to the complaint under the rulings of this court in many cases.

In *Colcord v. Leddy*, 4 Wash. 791 (31 Pac. 320), we decided that where a person ignorant of the community character of certain real estate contracts with the husband alone for its purchase, he can rescind the contract and recover purchase money paid thereon only upon the refusal of the husband and wife to accede to a demand for a contract in which both join.   And in *Isaacs v. Holland*, 4 Wash. 54 (29 Pac. 976), we held that where a husband executes a lease of community lands, and the tenant enters under the lease not knowing that the lands are community property, he can only avoid the performance on his part of the terms of the lease by first demanding a valid lease, and by surrendering the premises in case of a refusal to give him one.

The principle announced in these cases has been uniformly followed by this court since, and expressed in many decisions ; and in case the appellant entered into this contract knowing the community character of the property contracted for he would be estopped from raising the objection which he does.   This case falls squarely within the rule announced in the cases above, and sets the question of community property at rest, for the complaint alleges that the husband and wife jointly executed and tendered the deed to the property in question.

The main question in this case, and it matters not whether we consider it upon the demurrer, or upon the general issue, is, was the respondent estopped from enforcing specific performance of the contract by any laches or neglect to pursue his remedy?   We think it is not necessary to discuss the proposition that the vendor in agreements of this kind is under no obligation to commence his action as an independent suit upon the failure of the vendee to pay the install-

ments as they become due ; or, in other words, before the maturity of the last debt or installment of debts.

The appellant here relies largely on the case of *Hogan v. Kyle*, 7 Wash. 595 (35 Pac. 399). *Hogan v. Kyle* was an action at law to recover the contract price of land. A portion of the purchase money had been paid, and upon a failure to pay the balance, the vendor brought his action to recover the balance of the purchase price, without keeping his tender good, so that the result would have been, if he had prevailed, that he would have retained the land and recovered judgment for the purchase price also. This court, however, in a further investigation of that case, did lay down the rule that the laches need not necessarily fall outside of the statute of limitations, but that acquiescence on the part of the vendor in the failure of the vendee to pay for an unreasonable length of time after the vendor was in a situation to enforce his rights under full knowledge of the facts, was evidence of a waiver or abandonment of right. But it did not go so far as to lay down the rule that the action must be necessarily commenced immediately upon the breach by the vendee, but stated in terms, that what should be deemed a reasonable time must be determined from the circumstances of the particular case under consideration. In that case, however, there had been a lapse of two years and three months before a deed was tendered, and the tender, as we have before remarked, was not kept good, while in the case at bar the tender was made in three months and twenty days after the last installment had become due.

It seems to us that without there are some circumstances connected with the case, which would tend to mislead the vendee to his prejudice, that to hold the right to enforce a specific performance barred by such a slight lapse of time would be equivalent to holding that there should be no delay at all, but that the vendor must proceed to his action immediately upon the failure of the vendee to pay according to the terms of the contract. No court, we think, has gone to this extent. Of course the specific performance will not be decreed where the parties have treated it as rescinded, or

where the vendor has been guilty of such laches, or such acts, as would reasonably lead the vendee to believe that it was his intention to rescind the contract and accept the forfeiture, for one who invokes the aid of a court of equity cannot expect the court to decree that a contract must be performed which is inequitable or oppressive.

"The rule may be laid down as general," says Mr. Pomeroy in his work on Contracts, § 408, " applying to either the vendor or the vendee, that where there has been a change of circumstances or relations which render the execution of the contract a hardship to the defendant, and this change grows out of or is accompanied by an unexcused delay on the part of the plaintiff, the change and the delay together will constitute a sufficient ground for denying a specific performance when sought by the one who was thus in default. But, as has been already stated, neither a rise in value, nor a depreciation, nor a loss or injury to the property, will, in the absence of unreasonable delay by the plaintiff, avail to the defendant as a bar to the relief sought by the plaintiff."

The authorities cited under this text are numerous, but somewhat diverse in their holdings as to what constitutes unexcusable or unreasonable delay. An examination of them, however, shows that none of them go to the extent of holding a respondent, in such a case as shown by the complaint in this case, guilty of delay, and the evidence here substantially conforms to the allegations of the complaint. To hold that the respondent here had lost his right of action because he had not sooner commenced it, would compel a harsh treatment by vendors of their creditors, and would necessitate the immediate and prompt payment by the vendees on peril of a forfeiture of the amounts which they had advanced. We think the holding in the case of *Hogan v. Kyle, supra*, was as rigid against the interests of the vendor as the authorities would justify, and we do not wish to extend the doctrine announced in that case.

The second proposition of appellant, that the respondent could escape his liability by assigning his interest in the contract to a third party, cannot be sustained under any authority we know of. There is a vast difference between

the rights of the assignee and the liability of the assignor under the original contract. The contracting party assumes certain obligations which the party with whom he has contracted has a right to enforce, and he certainly cannot escape these obligations by any assignment, and compel the original contractor to look to other parties than the parties with whom he contracts. A vendor in a case of this kind might be willing to contract with Jones, because of his known responsibility, and unwilling to contract with Smith because of his known irresponsibility, and it would be a strange and novel principle of law that would compel him to look to an irresponsible person for the performance of a contract, and for damages for its breach, when he had taken the precaution to contract with a responsible person.

The authorities cited by the appellant to sustain this proposition are none of them in point. *Warren v. Richmond*, 53 Ill. 52, decides that where a vendor of land has a right, by the terms of the contract, to declare a forfeiture in case the purchaser fails to comply on his part, where he holds no securities of a negotiable character, he has only clearly to manifest an intention to end the contract, and by selling the property to another, he does, in the most unequivocal manner, make his declaration of forfeiture. It will thus be seen that this decision simply goes to the extent of declaring that a certain act by a vendor constitutes a declaration of forfeiture which could be pleaded in defense by the vendee. *Little v. Thurston,* 58 Me. 86, decides that where the obligor of a bond, for the conveyance of certain land to the obligee, upon the latter's payment of certain notes, at maturity, conveys away the land upon the failure of the obligee to pay the notes according to their tenor, the administrator of the estate of the obligor cannot enforce payment of them. Simply another assertion that the act of conveyance by the obligor estops him from enforcing the contract. *Newcomb v. Brackett*, 16 Mass. 161, holds that where A., for a valuable consideration, promises to convey certain land to B., as soon as B. should pay to A. a certain sum of money, that when A. conveys the land to a stranger,

B. was presently entitled to his action, without payment or tender of the money. This is a holding which in no way touches the case at bar. The vendor having placed it out of his power to perform his contract, of course it was not necessary for the vendee to wait any longer for a breach on the part of the vendor. The other authorities cited by the appellant are equally as foreign to the doctrine contended for as the ones we have mentioned.

It appears from the testimony in this case that after the commencement of this action the lot in question was sold by the respondent to a third party, and the appellant contends that this releases the vendee from any responsibility. Of course, if this were true, appellant's legal proposition would be correct, but the court finds, and the testimony sustains the finding, that this was simply a mistake; that in deeding other lands the respondent, by mistake, incorporated the description of the lot in question in a deed to one Lewis, and that upon ascertaining the mistake, he procured, as soon as practicable, a deed of the said land reconveying the same to plaintiff so that it appears that at the time of the commencement of the action, the respondent had good title to the land, and the mistake that was made in the meantime would not affect the transaction in any way between the appellant and the respondent.

We see no substantial error, and the judgment in all things will be affirmed.

Hoyt, Scott and Stiles, JJ., concur.