[No. 4574.  Decided September 19, 1903.]

LAURA S. HUGHES *et vir, Respondents,* v. SOUTH BAY SCHOOL DISTRICT No. 11, *Appellant.*

DEED — PREMISES CONVEYED — EXCEPTION OF PARCEL FROM GRANT.

Where a deed to plaintiff expressly reserved one acre for school purposes out of one corner of the tract conveyed, she has no standing to assert that the school district had title to but one-half of an acre, from the fact that the original grant to the district had been but a half-acre, and had been so recognized by various grantors in plaintiff's chain of title.

Appeal from Superior Court, Thurston County.—Hon. OLIVER V. LINN, Judge.  Reversed.

*Vance & Mitchell* and *Phil Skillman,* for appellant.

*J. W. Robinson,* for respondents.

The opinion of the court was delivered by

DUNBAR, J.—On April 29, 1879, one Nathan Patterson, who was then the owner in fee simple of the northwest quarter of the southeast quarter of section 32, township 19 north, range 1 west, W. M., executed and delivered to the defendant, the South Bay School District No. 11, a certain lease containing the following description, towit:

"I do hereby grant and lease one-half acre of land of the northwest quarter of the southeast quarter of section 32, 19 N., of range 1 West, to the South Bay School District No. 11 of Thurston County, W. T., for so long as it shall be used for school purposes.  When it ceases to be used as such it shall revert to me, my heirs, executors or assigns.  Said one-half acre to be under and contiguous to the present school house near the southwest corner of the above described forty acre."

On February 16, 1880, said Patterson conveyed by war-

ranty deed to Harlow L. Minkler the premises above described in language as follows, towit:

"The northwest quarter of the southeast quarter of section 32, township 19 N., R. 1 West, Wil. Mer., containing forty acres more or less (subject to a certain lease of half an acre of said tract, executed by the party of the first part to the South Bay School District No. 11, and recorded in Vol. 12 of deeds at page 16)."

On August 20, 1880, said Harlow L. Minkler and wife deeded the above-named property to Ely F. Corliss, and described the same as follows, towit:

"All of the northwest quarter of the southeast quarter of section 32, township 19 north, of range 1 West, Wil. Mer., containing 40 acres more or less, excepting one half acre deeded to the school district known as the South Bay School House."

On July 16, 1889, said Ely F. Corliss and wife deeded to Flora Foster a portion of said premises, and described the same as follows, towit:

"The south half of the northwest quarter of the southeast quarter of section 32, township 19 north, of range 1 West, Wil. Mer., containing 20 acres (less one acre heretofore sold from said tract)."

On June 14, 1890, Flora A. Foster and her husband deeded to the plaintiff Laura S. Hughes said premises and described them as follows, towit:

"The south half of the northwest quarter of the southeast quarter of section 32, township 19 N., R. 1 West, Wil. Mer., according to the official plat on file in the United States land office in Seattle, Washington, reserving out of said grant one acre sold to the school district, intending to convey hereby 19 acres of land."

On July 22, 1898, Ely F. Corliss and wife deeded to the defendant the following portion of said premises, towit:

"An acre of land in a square form in the south-west corner of the northwest quarter of the southeast quarter of section 32, township 19 north, of range 1 West, Wil. Mer., together with all and singular the tenements, hereditaments and appurtenances thereto belonging or in any wise appertaining, and the remainders, rents, issues and profits."

All of the above mentioned deeds were duly recorded in the auditor's office of Thurston county, Washington. The land leased by Patterson to the school district was occupied by said district for schoolhouse purposes, a school house being erected and maintained thereon. The land in controversy is the extra one-half acre of land which was conveyed by Corliss and wife to the district on July 22, 1898. The plaintiffs (respondents in this action), deeming that respondent Laura S. Hughes was entitled to the possession of said half acre of land, brought an action against the school district, alleging title to the same, and alleging that the defendant claimed some title or interest in and to a portion of the premises situate near or contiguous to the half acre attempted to be described in the lease of Nathan Patterson, or to some portion thereof, adverse to her interest; that the exact character of the claim she was unable to state, but that such claim, whatever it might be, was without right or authority of law, and that the same constituted a cloud upon her title; and asked to have her title quieted and the possession restored. A demurrer was interposed to this complaint on several grounds, among which was that the complaint did not state facts sufficient to constitute a cause of action and that it did not state sufficient to show that plaintiffs were entitled to any equitable relief whatever. The demurrer was overruled, and the case went to trial. Judgment was entered in accordance with

the prayer of the plaintiffs' complaint, quieting title to the land in dispute, for a small amount for the destruction of a fence which it was alleged in the complaint had been removed and destroyed by the defendant, and for costs.

Whether considered from the standpoint of the testimony or of the demurrer to the complaint, this judgment must be reversed. It appears upon the face of the complaint that the title to this land not only never was in the plaintiff Laura S. Hughes, but was never in her grantor. The title to the whole forty acres, subject to the lease of the one-half acre made by Patterson to the school district, descended regularly to Ely F. Corliss, and there it remained until Corliss disposed of it by deed to the school district on July 22, 1898; for when Corliss deeded to Flora A. Foster, the deed called for twenty acres, "less one acre heretofore sold from said tract." This was notice to the grantee, Foster, that she was receiving by deed but nineteen acres of the tract described. This same notice was given to the respondent when she received her deed from Flora A. Foster. In addition it was especially stated in the deed that it was the intention to convey thereby nineteen acres of land. We are at a loss to understand upon what authority or theory the respondent can claim title to nineteen and one-half acres of the above-described land when the deed through which she claims not only reserves one acre, but especially announces the intention to convey but nineteen acres. So that, on the face of the complaint, we think there was no equity shown, and that the demurrer thereto should have been sustained.

But the respondents' case was in no way strengthened by the testimony. The undisputed testimony is that it was the intention and understanding between Corliss and

Flora A. Foster that only nineteen acres was intended to be conveyed by the deed from Corliss to Foster, and that the price paid was so much per acre, viz., $15 per acre, for nineteen acres.  It is also testified to by Corliss that on several occasions after the passing of the deed from Foster to the respondent, the respondent approached him with a request to buy the one-half acre of land in dispute, which request he refused to comply with, stating that he had promised to deed the same to the school district.  These conversations, it is true, are denied by the respondent in a deposition; but we are satisfied from the whole testimony in the case, without specially reviewing it (and it was very brief), that not only did no title to the lands in question ever pass to the respondent, but that it never was intended in any of the transactions through which she claims title that such title should pass. Whether the conveyance from Patterson to the school district is a deed or lease, or void or legal, or whether the school district's title is good to the lands in question, are matters which do not concern the respondent, as she must obtain judgment, if at all, on the strength of her own title or right to possession.

The judgment will be reversed, and the cause remanded, with instructions to enter judgment for the appellant, with costs.

FULLERTON, C. J., and MOUNT, HADLEY and ANDERS, JJ., concur.

## ON PETITION FOR REHEARING.

PER CURIAM.—In their petition for rehearing respondents complain that the court in its opinion did not correctly describe the half acre of land in controversy; that the actual contest was over a half acre of land surround-

ing the half which was leased to the school district by Patterson.

It is difficult to ascertain from the complaint the exact description of the land over which the contest was waged, the action being to quiet title to the whole of the twenty-acre tract, less the amount actually occupied by the school house. But it is immaterial to the decision of the case, as the whole of the land claimed by the district is an acre of land in square form beneath and surrounding the school house. As to the legal points involved, we are satisfied with the decision heretofore rendered, and the petition will therefore be denied.