[No. 4415.  Decided December 19, 1903.]

JOHN E. HUMPHRIES, *Respondent,* v. RASMUS SORENSON et al., *Appellants.*[1]

JUDGMENT—ENTRY—FINDINGS OF FACT—CONSENT TO FORM—EXCEPTIONS. The endorsement upon the findings and judgment entry of "O. K." signed by the attorney for the defeated party will be considered as an assent only to the form, where such intent is shown by the taking of exceptions at the time the decision was rendered and after the entry of the judgment.

APPEAL — REVIEW — EXCEPTIONS TO FINDINGS — SUFFICIENCY. Written exceptions to findings of fact taken in the form of assignments of error are sufficient to warrant a review of the evidence on appeal.

EXECUTIONS—TRANSCRIPT OF JUDGMENT FROM ANOTHER COUNTY—HOW ISSUED—SALE.. An execution cannot be issued by the superior court of one county upon a transcript of a judgment entered in another county, although Bal. Code, § 5132, creates a lien therefor upon the debtor's real estate in the county where filed; and a sale on such an execution is void.

EJECTMENT—TITLE OF PLAINTIFF—WEAKNESS OF DEFENDANT'S TITLE. In an action to recover the possession of real property, the plaintiff cannot recover upon the weakness of defendant's title, and if without title himself the action fails.

COMMUNITY PROPERTY—MORTGAGE BY WIFE ALONE—FORECLOSURE—DEFENSE TO EJECTMENT—AFFIRMATIVE RELIEF NOT GRANTED WHEN. The foreclosure of a mortgage of community property, made by the wife alone, conveys no title, and affirmative relief, quieting the title thereunder, cannot be given to defendants relying thereon in an action to recover possession, upon dismissing the action for failure of plaintiff's title.

Appeal from a judgment of the superior court for Spokane county, Prather, J., entered March 29, 1902, upon findings made by the court in favor of defendants after discharging the jury, dismissing an action to recover the possession of real estate and to quiet title. Reversed.

[1]Reported in 74 Pac. 690.

*L. L. Westfall,* for appellants.   The husband, Moses Lo-
ree, having executed the mortgage as attorney in fact for
his wife upon her separate property, and having repre-
sented it to be such, is estopped and bound by the mort-
gage and subsequent proceedings.   *Yesler v. Hochstettler,*
4 Wash. 349, 30 Pac. 398; *Calhoun v. Leary,* 6 Wash. 17,
32 Pac. 1070; *Sackman v. Thomas,* 24 Wash. 660, 64 Pac.
819; *Cardinal v. Hadley,* 158 Mass. 352, 33 N. E. 575,
35 Am. St. 492; *Canadian etc. T. Co. v. Bloomer,* 14
Wash. 491, 45 Pac. 34; *Sadler v. Niesz,* 5 Wash. 182, 31
Pac. 630, 1030; *Konnerup v. Frandsen,* 8 Wash. 551, 36
Pac. 493; *Nuhn v. Miller,* 5 Wash. 405, 31 Pac. 1031,
34 Pac. 152; 34 Am. St. 868; *Webster v. Thorndyke,* 11
Wash. 390, 39 Pac. 677.

*Danson & Huneke* and *E. P. Edsen,* for respondent.
To the point that the judgment was entered by consent by
reason of the endorsement "O. K", counsel cited: *Indian-
apolis etc. R. Co. v. Sands,* 133 Ind. 433, 32 N. E. 722;
*Citizen's Bank etc. v. Farwell,* 56 Fed. 570; *Bennett v.
Marion,* 101 Iowa 112, 70 N. W. 105; *Davis Paint etc.
Co. v. Metzger etc. Co.,* 90 Ill. App. 117.

PER CURIAM.—This action was begun in the superior
court of Spokane County by respondent John E. Humph-
ries against appellants Rasmus Sorenson, Anna M. Soren-
son, his wife, Milton Showalter, and Abbie Showalter, his
wife.   The respondent in his complaint alleges, that he is
the owner in fee simple of certain lands, in the above
county; that in the month of December, 1896, appellants
Rasmus and Anna M. Sorenson wrongfully and unlawfully
entered into the possession of such real property, and have,
ever since that time, either by themeslves or by appellants
Milton Showalter and Abbie Showalter, been in the pos-
session thereof; that the Showalters are in the exclusive

possession of such property, claiming to hold the same under a contract of purchase with the Sorensons. Respondent demanded judgment for possession, damages for wrongful detention, that his title in such lands be quieted as against all claims of appellants therein, that he recover costs, and have all other and further relief.

Appellants, by their amended answer, deny respondent's ownership and right of possession to the premises in question, the wrongful entry and withholding, and the claim for damages; and admit the possession of the Showalters under a contract of purchase with the Sorensons. It was further alleged in this answer, that on the 19th day of August, 1892, Catherine L. Loree, then being the owner in fee of said lands, mortgaged the same to J. M. Grinstead; that on the 10th day of October, 1892, she conveyed the land in question to D. J. Lee; that such mortgage was afterwards foreclosed in a certain action instituted in the superior court of Spokane county wherein J. M. Grinstead was plaintiff and Catherine Loree, Moses Loree, and D. J. Lee were defendants; that on the 29th day of December, 1896, appellant Rasmus Sorenson purchased said property at the sheriff's sale on such foreclosure proceedings; that such sale was afterwards confirmed, and a deed executed to purchaser (Sorenson) on December 30, 1897, and filed for record in the auditor's office of the above county at that date; that he entered into possession under such sale and deed; alleging title in fee by virtue of such proceedings and deed. Appellants prayed that respondent take nothing by this action, that appellant Rasmus Sorenson's title in this real estate be quieted, with costs taxed against respondent.

Respondent, by his reply, denies the material allegations of new matter alleged in the above answer, and alleges, that at all the times mentioned therein Moses and Catherine

Loree were husband and wife; that the mortgage given to
Grinstead, and the note therein mentioned, were signed
in the name of Catherine Loree by Moses Loree without
authority; that no payments were made upon said note;
and that more than six years have elapsed since the matur-
ity thereof.   The cause came on for trial before the court
and a jury.   At the conclusion of the testimony, respond-
ent moved for a directed verdict in his favor.   Thereupon
the trial court discharged the jury, and requested respond-
ent's counsel to "prepare the findings and judgment."   Mr.
Westfall, appellants' counsel, then stated in open court:
"And we can have an exception to each, any, and every
finding."   Findings of fact and conclusions of law, with
form of judgment, were prepared and served on appel-
lants' counsel March 28th, 1902.   In the transcript, below
the findings and conclusions and judgment entry, the fol-
lowing words and figures appear: "O. K. Westfall.   Filed
March 29, 1902, at 10 o'clock A. M.   E. K. Erwin, Clerk,
C. B. Syphert, Deputy."   The findings, conclusions, and
judgment entry in favor of respondent were signed by the
trial court at that date, March 29, 1902.   On the second
day of April, following, the appellants served and filed
their exceptions to certain findings and conclusions of law
above noted, alleging their exceptions in the form of as-
signments of error.   Defendants appeal from the judgment
entered.

The respondent contends, that the record shows consent
on the part of appellants to the findings, conclusions, and
the judgment as rendered; that, therefore, appellants ought
not to be heard on the merits of the controversy at the bar
of this court; that "The abbreviation 'O. K.' has received
a universal and well defined meaning, and is recognized
by modern lexicographers  .  .  .   It means 'Right', 'Cor-
rect' "; that, as used, this abbreviation does not apply to

the acceptance of service, which "appears in the other indorsement."

We do not question the general rule of law that, where a judgment is entered by a court of competent jurisdiction on stipulation of the parties, in the absence of fraud or mistake, it will not be reviewed in the appellate court. The first authority cited by respondent's counsel in support of his contention is *Indianapolis, D. & W. Ry. Co. v. Sands* (Ind.), 32 N. E. 722. In the opinion of the court, we find the following language: "The record shows that on the 23d day of June, 1891—the day named in the agreement for the rendition of the judgment—the agreement and the decree were entered of record; and it nowhere appears that the decree as entered was other than the one agreed to, or that it was in any way modified by the court." It further appeared, that "The Farmers' Loan & Trust Company and Butler, trustees," parties to the litigation, did not sign the stipulation; that it was attached to the decree submitted to the counsel for the company and trustee; that said counsel endorsed on the decree, "O. K. Winter & Elam." The court said: "The abbreviation 'O. K.' has a well-defined meaning, 'All right,' 'Correct.' 4 Century Dict. p. 4098. The connection in which it was used must be taken into consideration." It was held that, in view of the facts appearing in the record, the decree was entered by consent and therefore not appealable.

We have examined the other authorities, to which respondent's counsel have referred us on this proposition. We find, that the abreviation "O. K." must be construed in connection with facts of the particular case, or issues decided; that the significance of these characters must be interpreted in the light of the facts as they appear in the record, with the sole object in view of ascertaining the intention of the party or parties using them. From the

facts which appear in the record in the case at bar above noted, we think that appellants' counsel had no intention of waiving any of the rights of his clients in using that abbreviation, but that his assent went simply to the form of the findings, conclusions, and judgment of the trial court, and no further. We are, therefore, impelled to the conclusion that respondent's contention to the contrary is untenable. While the exceptions of appellants are presented in a form somewhat unusual in such cases, we are of the opinion that they are sufficient in substance to warrant us in considering this case on the merits.

The common source of title to the land in controversy was in Moses Loree and Catherine Loree, husband and wife. The appellants, however, contend that this real estate never belonged to the husband, but was the separate property of the wife (Catherine Loree), which contention will be considered later on. From the testimony adduced in the trial court on behalf of respondent, it appears, that on the 14th day of April, 1892, Sabin Abbott and wife, by warranty deed, conveyed the premises in question for the consideration of $2,500, expressed in the deed to Catherine Loree; that, at the time, Moses and Catherine Loree were husband and wife, residents of the state of Washington; that on September 4, 1894, Chas. H. McGrew recovered judgment for $397.65 and costs against Moses and Catherine Loree, in the superior court for Walla Walla county; that on April 5, 1895, a transcript of this judgment was filed and docketed in the clerk's office of the superior court for Spokane county; that on March 17, 1896, the judgment was assigned to Lillie Sanger; that on June 9, 1896, execution issued out of the latter court on such transcript; that on July 11, 1896, in pursuance of such execution, the sheriff of Spokane county sold the land in question to Lillie

Sanger, and such sale was confirmed by the superior court of Spokane county on September 21, 1896; that, pursuant to such proceedings, on January 8, 1901, the sheriff of that county executed a deed of said premises to respondent J. E. Humphries, assignee of Lillie Sanger. Respondent bases his right to recover in the action at bar by virtue of such deed founded on these prior proceedings.

The mortgage set up in their amended answer was foreclosed upon these premises on the theory that Catherine Loree was the sole owner thereof. On appellants' behalf the evidence showed, that the mortgage was executed by Catherine Loree, *per* Moses Loree, under a power of attorney theretofore given by the wife to the husband; that Catherine Loree executed a conveyance of the premises to D. J. Lee, as alleged in said answer; and that the mortgage was foreclosed, sale had and confirmed, and the sheriff's deed of the premises executed to Rasmus Sorenson; and that possession thereof was taken by appellants in pursuance of these proceedings prior to the commencement of the present action. The evidence also showed that, when the mortgage was executed to Grinstead by Catherine Loree, and the deed of the latter made to Lee, the real estate in question was the community property of Moses and Catherine Loree; and the trial court so found. The court also found as a conclusion of law: "That the judgment of plaintiff (respondent) against said Moses Loree and Catherine L. Loree was a valid lien upon said land, and that the execution issued thereon was duly and regularly issued, and the proceedings thereunder down to and including the issuance of sheriff's deed to the plaintiff, were duly, regularly, properly had and made." Appellants excepted to this conclusion of law, and allege error.

Upon the correctness of this ruling depends the right of respondent's recovery in the case at bar. In *Murray v.*

*Briggs,* 29 Wash. 245, 69 Pac. 765, this court held, that in the absence of statutory authority, an execution cannot legally issue on a mere transcript of a judgment filed in one county, showing the original judgment to have been rendered in another county, although the filing of such transcript by virtue of Bal. Code, § 5132, creates a lien upon the debtor's real estate in the county where filed; that execution sales based upon such transcripts are void. Therefore we conclude that respondent's right to recover in the case at bar, being founded upon the sheriff's deed to him, in pursuance of the sale of the property in question, on execution issuing out of the superior court of Spokane county on the transcript of the judgment rendered in Walla Walla county, must fail; that such sale and proceedings were void; that the learned trial court erred in holding that such execution was duly and regularly issued, and that the proceedings had in pursuance thereof, down to and including the issuance of the sheriff's deed to respondent, were regular and valid.

If this is the proper construction to be placed on these proceedings and this deed—and we so hold—the respondent is not entitled to recover in this action, for want of title in himself. It is immaterial whether appellants have shown title in themselves or not. The respondent must recover, if at all, on the strength of his own title, and not on the weakness of that of appellant. *Hughes v. South Bay School District, No. 11,* 32 Wash. 678, 73 Pac. 778. The execution issuing out of the superior court in Spokane county, and all proceedings had under the writ, were null and void. It is an axiom of law as well as in physical science that, "Life cannot be breathed into a dead thing."

The appellants pray in their amended answer, on which they take the burden of proof, under their affirmative defense, that the title in fee simple in this land be quieted

in appellant Rasmus Sorenson. They allege that, at the times when the mortgage to Grinstead and the deed to Lee were executed by Catherine Loree, she was the owner in fee of this real estate; and appellants attempt to establish title in themselves by virtue of the proceedings alleged in such answer as to the foreclosure of that mortgage, and sale and sheriff's deed thereunder to appellant Rasmus Sorenson. We are of the opinion, that the record fails to sustain the issues tendered by appellants under such defense; that, under the testimony adduced at the hearing in the superior court, this real estate was, at the times above noted, the community property of Moses and Catherine Loree, and not the separate property of the wife (Catherine Loree); that the trial court committed no error in so finding, and in adjudging such instruments and proceedings invalid; and therefore we cannot grant appellants the affirmative relief for which they pray.

The respondent, however, cannot recover because of his failure to show title to this land, or right to the possession thereof, in himself at the commencement of this action.

The judgment of the superior court should be reversed, and the cause remanded with directions to dismiss the action at respondent's costs, and it is so ordered.