(No. 5695. Decided August 21, 1905.)

H. MILTON SHOWALTER et al., Respondents, v. RASMUS SORENSEN et al., Appellants.[1]

VENDOR AND PURCHASER — FAILURE OF TITLE — AFTER-ACQUIRED TITLE OF VENDOR—CONTRACT OF PURCHASE—CONSTRUCTION—SPECIFIC PERFORMANCE. The after-acquired title of vendors under a land contract inures to the benefit of the vendees, where the contract was extended during the pendency of a suit in which vendors' title failed, notwithstanding stipulations in the contract giving the vendees a right to an immediate return of their money and notes in case of failure of the title; since such provision was inserted in the contract for the benefit of the vendees, and cannot be taken advantage of by the vendors, upon acquiring title, to defeat an action for specific performance.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered February 28, 1905, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, decreeing the specific performance of a contract to convey land. Affirmed.

*Harris Baldwin,* for appellants.

*Poindexter & Kimball,* for respondents.

ROOT, J.—On the first day of May, 1898, appellants Sorensen, husband and wife, agreed, by a written contract, to sell and convey to respondent H. Milton Showalter a cer-

[1]Reported in 81 Pac. 1054.

tain parcel of land, situated in Spokane county. The contract contained, among others, the following provisions:

"First party herein agrees that if he fails to make good and sufficient title by warranty deed to second party of said lands promptly upon the final payment herein mentioned, or if his, the first party's, right to said lands being canceled or set aside by a court of competent jurisdiction, he will immediately refund to second party all sums of both principal and interest paid by second party on any and all notes given to secure the payments in this contract mentioned. And first party further agrees that if title to said lands are declared by a court of competent jurisdiction to vest in someone else the first party will return all unpaid notes of second party to said second party. . . . After the full payment of said purchase money, taxes, and interest, as aforesaid, time being the essence of this contract, the party of the first part agrees to execute or cause to be executed, to the party of the second part, a good and sufficient warranty deed for said described premises, to be delivered on the surrender of this duplicate contract."

Shortly after the execution of this contract, respondents moved upon the land and proceeded to make thereon valuable improvements. During this time the title to these premises was in litigation, which terminated in a decision reported in 33 Wash. 563, 74 Pac. 690 [*Humphries v. Sorenson*], from which it appears that appellants Sorensen, herein, did not have good title, but that the same was in a husband and wife named Loree. While this litigation was pending, the following stipulation was written upon the paper containing the original contract:

"Cheney, Wash., April 25th, 1902.

"To whom it may concern: It is mutually agreed between the above parties that this contract shall be extended until the suit now pending is settled.

"1st party, R. Sorensen.

"2d party, H. M. Showalter."

After the rendition of the decision above referred to, the Sorensens purchased the right and title of said Loree,

together with a claim against respondents for the use of said premises during their occupancy thereof, as aforesaid. Thereupon, respondents tendered the balance of the contract price of purchase, and demanded a deed from the Sorensens. The latter refused to give any deed. They, however, offered to return respondents' promissory note, given for the unpaid portion of the purchase price, but refused to return the cash paid, holding the same as payment of the claim for rent which the Lorees had assigned to them. Sorensen and wife subsequently sold and conveyed the land to appellants Hay, whom the trial court found to have had actual knowledge of the rights and interests of these respondents. Said court also found this sale and conveyance to have been without consideration and fraudulent.

Findings and conclusions were made and entered favorable to respondents, and a decree was entered declaring the deed to Hay null and void, and directing Soren P. Hay and his wife, Anna Hay, to make, execute and deliver to said H. Milton Showalter a quitclaim deed to the said lands, and requiring said Sorensen and wife to execute and deliver to said H. Milton Showalter a good and sufficient warranty deed to said premises. From this decree an appeal is taken.

Appellants contend that respondents' remedy, under the contract, was confined to a return of the purchase money and notes, and that they could not have the benefit of the after-acquired title—that the facts do not sustain an action for specific performance. We are unable to agree with this contention. It finds support neither in law nor in equity. The paramount purpose of respondents, in entering into the contract, was to procure these premises, and a good and sufficient title thereto. The vendors should not now be heard to say that they will not comply with their contract because at the time of its execution they were unable to do so, the obstacle in the meantime having been removed. The right to have an immediate return of their notes and money, in case of failure of title, arises from a provision intended for

the benefit of vendees; but they are not confined to that remedy, after vendors acquire the outstanding title and render themselves capable of complying with their agreement to convey. Bal. Code, § 4538a; *Wooding v. Crain,* 10 Wash. 35, 38 Pac. 756; *Ankeny v. Clark,* 1 Wash. 549, 20 Pac. 583; *Peoples Sav. Bank v. Lewis,* 37 Wash. 344, 79 Pac. 932; *Ryan v. United States,* 136 U. S. 68, 10 Sup. Ct. 913.

The judgment of the superior court is affirmed.

CROW, FULLERTON, and RUDKIN, JJ., concur.