[No. 14223.    Department Two.    February 11, 1918.]

## L. C. HALFERTY, *Appellant,* v. D. E. SCHMIDT *et al.,*
## *Respondents.*[1]

APPEAL — PRESERVATION OF GROUNDS — EXCEPTIONS TO FINDINGS.
Failure to except to the findings precludes any review of the evidence on appeal, leaving only the question of the sufficiency of the findings to support the judgment.

SALES—ACTION FOR BREACH—JUDGMENT.    A judgment for $200 damages for the seller's breach of contract of sale of five automobiles is supported by findings that the parties entered into five different contracts upon each of which plaintiff paid fifty dollars, the balance to be paid upon delivery, that defendants fully performed their part of the contract, but that plaintiff failed to perform his part except as to one of the contracts.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered November 6, 1916, upon findings in favor of the defendants, in an action on contract, tried to the court.    Affirmed.

*Berkey & Cowen,* for appellant.
*Twitchell & Wentworth,* for respondents.

MORRIS, J.—Respondents move to strike the statement of facts upon the ground that no exceptions were taken thereto in the court below.    It is the settled practice, under the law of this state, that failure to take exceptions to the findings of fact precludes any review of the evidence on appeal.

Appellant asks leave of this court to amend his assignment of error by adding thereto:

"That the court erred in entering findings of fact, 3 and 4, in favor of the defendants, because not supported by the evidence, and appellant hereby excepts to said findings and each of them;"

[1]Reported in 170 Pac. 1018.

citing *Humphries v. Sorenson,* 33 Wash. 563, 74 Pac. 690.

That case is not in point. The exceptions there reviewed were taken in the court below and within the time allowed by law. The question on appeal was the sufficiency of the exceptions, which were in the form of assignments of error. It was held that, while unusual in form, the substance of the exceptions was sufficient to warrant a review of the evidence. There is no provision in our practice for delaying exceptions until after appeal and then taking them in the form of assignments of error. Exceptions must be taken below within the time allowed by statute, and when not so taken, the only question arising on appeal is the sufficiency of the findings to support the decree. Appellant's leave to amend his assignments of error is denied. Respondents' motion to strike the statement of facts is granted.

The findings sustain the judgment. They recite that the parties hereto entered into five written contracts for the sale and purchase of automobiles at a given price, upon each of which contracts appellant paid the sum of $50, the balance to be paid on delivery of the cars, the date of which delivery was fixed by the contracts; that respondents fully performed their part of the contracts, but appellant failed, save as to one of the contracts, to perform his part; that, by reason of the appellant's breach, the respondents have been damaged in the sum of $200. The conclusion of law follows that respondents are entitled to judgment against the appellant in the sum of $200 and costs, and that the $200 then in their hands as the first payment upon the contracts may be retained by them and applied to the payment of their judgment. Then follows the judgment dismissing the appellant's cause of action and awarding costs to respondents. It would hard-

ly seem debatable but that the findings sustain the judgment, and it is affirmed.

ELLIS, C. J., MOUNT, HOLCOMB, and CHADWICK, JJ., concur.