### Nowlin v. Noteware.

Opinion delivered June 25, 1928.

*T. E. Helm* and *A. W. Taylor,* for appellant.

*F. L. Brown* and *T. N. Robertson,* for appellee.

HART, C. J., (after stating the facts). Counsel for appellant seek to reverse the decree on the theory that the letters "O. K." before the signature of E. C. Nowlin render the contract ambiguous and let in oral proof of the contract between Noteware and Nowlin. In that contention we think counsel are correct.

In *Penn Tobacco Company* v. *Leman,* 109 Ga. 428, 34 S. E. 678, the Supreme Court of Georgia held, quoting syllabus: "A petition alleging that the letters 'O. K.' written on an order for goods, and followed by the signature of the person writing them, constituted a contract on the part of such person to pay for the goods in the event the persons sending the order failed or refused to pay at maturity, set forth a cause of action. These letters being ambiguous, their meaning may be explained by parol evidence." The court said that the letters "O. K." before the signature of the defendant rendered the contract ambiguous, and therefore parol evidence would be heard to explain the patent ambiguity appearing upon the paper. In that case it was alleged that the parties had agreed that payment of the account at maturity would be made by the defendant in case the purchaser failed to pay the same. In other words, it was held that parol evidence was admissible to show what the parties

had really agreed to, because all of the contract had not been expressed in writing. The letters "O. K." rendered the written contract ambiguous and let in parol proof as to what the parties meant by inserting these letters before the signature of the defendant.

It is true that the letters "O. K." have a very definite dictionary meaning, which is "all right; correct;" but the connection in which the letters are used must be taken into consideration. When this is done, we think that the letters "O. K." before the signature of Nowlin rendered the contract ambiguous, and that the significance of these letters should be interpreted in the light of the facts as they appear in the record, with the sole object in view of ascertaining the intention of the party or parties using them. If Nowlin had intended signing the contract as one of the builders, there would have been no sense in having the letters "O. K." before his signature. His assent was simply to the form of the contract, and no further. The contract being ambiguous by the use of the letters, it was competent for the parties by parol proof to show what the real contract between Nowlin and Noteware was. *Humphreys* v. *Sorrens,* 33 Wash. 563, 74 Pac. 690.

This brings us to a consideration of the case on its merits. Here we find the testimony of the parties in irreconcilable conflict as to what was the intention of Nowlin in signing the contract with the letters "O. K." before his signature. On the one hand, Noteware testified that Nowlin signed the contract for the purpose of guaranteeing that Veazey would execute it. On the other hand, both Nowlin and Veazey testified that Nowlin was not in any sense bound for the performance of the contract, and only signed it for the purpose of enabling Noteware to finance the building of the houses until they were partly completed and he could secure a loan upon them. The record shows that no loan could be secured until after the roof was on a house. Nowlin was a dealer in lumber and other building material, and, by financing the contract, had an opportunity to sell

694

his materials. This induced him to sign the contract with the letters "O. K." before his signature, and he was not in any sense bound by any of the terms of the contract of construction between Noteware and Veazey. In this view of the matter, the chancellor erred in dismissing the defendant's cross-complaint; for the evidence in his behalf shows that he filed a lien for materials furnished within the statutory period and that the materials were actually used in the construction of the houses.

Therefore the decree will be reversed, and the cause will be remanded with directions to the chancery court to enter a decree in favor of Nowlin for the amount of material furnished by him in constructing the houses, as shown by the record in this case, and for further proceedings in accordance with the principles of equity. It is so ordered.